532 F.2d 1074
 91 L.R.R.M. (BNA) 3070, 78 Lab.Cas. P 11,350
 Norman F. BLANCHARD et al., Plaintiffs-Appellees,
v.
Rolla R. JOHNSON et al., Defendants-Appellants,
Marine Engineers Beneficial Association and Associated
Maritime Offices,AFL-CIO, Applicants for
Intervention-Appellants.
Norman F. BLANCHARD et al., Plaintiffs-Appellees,
v.
MARINE ENGINEERS BENEFICIAL ASSOCIATION and Associated
Maritime Offices,AFL-CIO, Applicants for
Intervention-Appellants,
Rolla R. Johnson et al., Defendants.
 Nos. 75-1606, 75-1607.
 United States Court of Appeals,
Sixth Circuit.
 Argued Dec. 4, 1975.
Decided April 2, 1976.
 
 Sanford Gross, Robt. T. Rosenfeld, Rosenfeld & Gross, Cleveland, Ohio, for appellants in No. 75-1606.
 Peter M. Handwork, Watkins, Bates & Handwork, Toledo, Ohio, for applicants.
 Gerald B. Lackey, Green & Lackey, Toledo, Ohio, for plaintiffs-appellees.
 Sanford Gross, Rosenfeld & Gross, Cleveland, Ohio, for defendants in No. 75-1607.
 Before EDWARDS, CELEBREZZE and ENGEL, Circuit Judges.
 CELEBREZZE, Circuit Judge:
 
 
 1
 Appellees, members of the Great Lakes and Rivers District, Masters, Mates and Pilots Local 47 (hereinafter Local 47), initiated this action in the District Court seeking to enjoin a referendum which was in progress among the members of Local 47. The referendum raised the question whether Local 47 should affiliate with the International Longshoreman's Association (hereinafter ILA). Appellees were supporters of a rival union, District II Marine Engineers Beneficial Association Associated Maritime Officers (hereinafter MEBA), and of its attempt to convince Local 47 to affiliate with MEBA. Named as defendants were Local 47; Rolla R. Johnson, the Local's President and a member of its Executive Board; and seven other members of the local's Executive Board. Appellees, in their Complaint, alleged that the officers violated their fiduciary duties to and deprived the members of Local 47 of their right to "an intelligent and knowledgeable" vote on the issue of affiliation.
 
 
 2
 Local 47 has approximately 550 members, all of whom are supervisory personnel on ships which sail the Great Lakes and adjoining waterways. Due to the limitation on membership to supervisors, Local 47 is regulated by the Labor-Management Reporting and Disclosure Act of 1959 (hereinafter LMRDA), 29 U.S.C. § 401 et seq. (1970).
 
 
 3
 The nature of their employment makes communication among members of Local 47 difficult. An annual convention is held in March, and every third year officers are nominated by the convention delegates and thereafter elected by mail ballot of all members.
 
 
 4
 In November of 1973 Local 47 disaffiliated itself from the International Organization of Masters, Mates and Pilots, because that organization had changed its constitution in a manner which threatened the autonomy of Local 47. Thereafter, a number of labor organizations sought the affiliation of Local 47, including ILA, MEBA and the Teamsters. The District Court found that these three organizations submitted definite affiliation proposals to the Executive Board of Local 47. The Executive Board, pursuant to Article XXIII of the Constitution of Local 47, considered and approved the ILA proposal and submitted it by referendum to the membership for ratification or rejection. Appellees contended below that the Executive Board, whose members considered the ILA proposal superior to the other proposals, failed to provide the membership with sufficient information about the other proposals to allow the members to cast an informed vote.
 
 
 5
 On June 18, 1973, following two days of hearings, the District Court impounded the ballots in the affiliation referendum because the Executive Board had seriously impaired the secrecy and integrity of the balloting by opening some ballots to gauge the trend of the election. The District Court did not enjoin any future referendum "feeling it sufficient to leave the officers free to conduct another vote in accordance with Local 47's constitution and '. . . with adequate information as to the terms of any affiliation with the ILA.' "[1]
 
 
 6
 Appellants held another referendum immediately, mailing out new ballots and cover letters on June 21, 1974. Appellees filed a motion for a temporary restraining order which the District Court declined to issue. Rather, the District Court set a July 1, 1974, hearing on Appellees original motion for a preliminary injunction. Following the July 1, 1974, hearing the District Court issued the Memorandum Opinion, in which it concluded that 29 U.S.C. § 411(a)(1)[2] guaranteed union members the right to a meaningful vote in union elections. The District Court further concluded that 29 U.S.C. § 501(a) created a duty on the part of the officers of a union to provide the membership with sufficient information on the issues to allow members to cast an informed vote. The trial court noted that union officers may convey their opinions on the issues to the membership but are also duty-bound to see that points of view at variance with their own, if such exist, are disseminated. The District Court concluded that the membership had a right, by virtue of Sections 411(a) (1) and 501(a), "to know and vote on all affiliation proposals, to know all the terms thereof, as well as the governing law of any organization with which they were to affiliate, and to know the views of other members on the proposals."[3] The District Court enjoined the ongoing referendum and required the officers of Local 47 to submit for approval a plan for conducting future referenda which would be consistent with the conclusions expressed in the Court's opinion.
 
 
 7
 Appellants filed a Motion to Modify the July 5, 1974, Order. On November 1, 1974, the District Court filed a Memorandum and Order denying Appellants' motion stating:
 
 
 8
 Defendants' motion does not appear well taken however. It should be noted that this Court's Order does not require the union executive board to submit all affiliation proposals to the membership for a referendum. What it does require is full disclosure of the terms of all proposals before a vote on any one will be approved by this Court.[4]
 
 
 9
 On December 3, 1974, MEBA filed a motion seeking to intervene, and a motion seeking to have its affiliation proposal placed on the referendum ballot. On January 20, 1975, the District Court filed another Memorandum and Order. The Court denied MEBA's motion to intervene but granted the motion to appear on the ballot, stating:
 
 
 10
 Placing MEBA on the affiliation referendum ballot is quite another matter however. Although it is true that § 3 of Article XXIII of the Constitution of Local 47 does not require that all affiliation proposals be voted upon on the same ballot, it somehow seems unnecessarily grudging for the union officers to conduct a referendum on only the proposal which they personally support. This Court has previously indicated that it would not hesitate to enjoin the defendants from using the union constitution to avoid a referendum on an affiliation proposal. Such a refusal by union officers, who are, after all, fiduciaries, runs afoul of the policies which underlie §§ 411 and 501, because seriatim balloting in this case may result in unfair advantage for the proposal favored by the union leadership. Thus, the Court will enjoin the use of the constitutional provision and order the MEBA proposal placed on the ballot along with the ILA proposal.[5]
 
 
 11
 Appellants bring this appeal claiming that, consistent with their duty as defined in Local 47's Constitution,[6] they rejected MEBA's affiliation proposal and that the District Court erred in concluding that Sections 411(a) (1) and 501(a) of the LMRDA require presentation of a rejected offer in a referendum. Appellants further contend that the District Court properly denied MEBA's motion to intervene.
 
 
 12
 We turn first to consideration of the District Court's denial of MEBA's motion to intervene. Rule 24(a)(2), Fed.R.Civ.P., establishes a threefold test for nonstatutory intervention of right:
 
 
 13
 (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
 
 
 14
 We note that from its inception Appellants' case has been handled by Garald B. Lackey, a member of the Toledo, Ohio, law firm which regularly represents MEBA. Appellees are Local 47 members who are supporters of MEBA in its efforts to secure Local 47's affiliation. A representative of MEBA suggested to Appellee Blanchard that he contact Lackey and another MEBA representative was present when Blanchard first met with Lackey. It was at this meeting that plans to take legal action against Local 47 and its officers were formulated. It appears that the interests of MEBA and of Appellees in this action are virtually identical. As we noted in Afro American Patrolmen's League v. Duck, 503 F.2d 294, 298 (6th Cir. 1974), "(a)n applicant for intervention has the burden of showing that representation by existing parties is inadequate." MEBA failed to carry this burden and the District Court did not err in denying MEBA's motion to intervene.
 
 
 15
 We turn to consideration of the remaining issue raised by Appellants whether the District Court erred in requiring Appellants to include MEBA's affiliation proposal on the referendum ballot. Appellants point to Local 47's constitution and by-laws as not requiring inclusion of the MEBA proposal on the referendum ballot because they had in good faith considered the proposal and rejected it.
 
 
 16
 Appellees contend that the District Court correctly read LMRDA Sections 411(a) (1) and 501(a) to create a duty on the part of the individual Appellants to provide the membership with sufficient information to evaluate all affiliation proposals.
 
 
 17
 The Supreme Court in Musicians Federation v. Wittstein, 379 U.S. 171, 182-183, 85 S.Ct. 300, 307, 13 L.Ed.2d 214, 221 (1964) stated:
 
 
 18
 "The pervading premise of both these titles (Title I and Title IV, Labor-Management Reporting and Disclosure Act of 1959) is that there should be full and active participation by the rank and file in the affairs of the union."
 
 
 19
 This Court, after reviewing the legislative history and judicial consideration of the LMRDA, concluded in Sertic v. District Council of Carpenters, 423 F.2d 515, 521 (6th Cir. 1970), that "(u)nion members are entitled under the Act to the right of a meaningful vote . . .."
 
 
 20
 However, this Court is not unfettered in its determination of what constitutes "full and active participation" or a "meaningful vote." As the Supreme Court noted in Calhoon v. Harvey, 379 U.S. 134, 138-139, 85 S.Ct. 292, 295, 13 L.Ed.2d 190, 193 (1964), issued the same day as Musicians Federation, supra:
 
 
 21
 "Congress carefully prescribed that even this right against discrimination is 'subject to reasonable rules and regulations' by the union."
 
 The Court also states
 
 22
 "Plainly, (§ 101(a)(1)) is no more than a command that members and classes of members shall not be discriminated against in their right to nominate and vote." 379 U.S. at 139, 85 S.Ct. at 295, 13 L.Ed.2d at 193.
 
 
 23
 The Second Circuit in Sheldon v. O'Callaghan, 497 F.2d 1276, 1281 (2d Cir. 1974), subscribed to the reasoning in Allen v. International Alliance of Theatrical Employees, 338 F.2d 309, 317 (5th Cir. 1964), "(t)his Court recognizes the need to exercise what Judge Wisdom referred to as a 'sound reluctance . . . to interfere in internal union affairs'." The Sheldon Court added
 
 
 24
 "The duly elected officers of a union have a right and a responsibility to lead, and to give the members the benefit of their advice on questions that arise." 497 F.2d at 1282.
 
 
 25
 The District Court Order in the instant case concluded with the following paragraph:
 
 
 26
 To sum up: The motion of MEBA to intervene as a party plaintiff is denied; the affiliation proposal of MEBA shall appear on the ballot along with that of the ILA; the referendum shall be held at such time as defendants propose through the auspices of the American Arbitration Association; defendants shall permit at least thirty (30) days for dissemination of views by the membership following the mailing of the ballots; and any member shall be permitted to mail his views at any time to the membership through the AAA, as often as he wishes so long as he bears the expense thereof. IT IS SO ORDERED.[7]
 
 
 27
 We conclude that the District Court's actions in resolving this matter, with the exception of its direction to include the MEBA proposal on the referendum ballot, were proper under Section 411(a)(1).[8] The District Court unnecessarily intruded into the internal operations of Local 47 by directing that the MEBA proposal be added to the ballot. We do not read § 411(a)(1) to disallow seriatim voting on affiliation proposals so long as sufficient information about all proposals received by the Executive Board is disseminated to the membership to allow a reasoned and informed vote on the proposal which appears on the ballot. Appellees and their fellow members of Local 47 will be able to exercise their statutorily guaranteed right to an informed vote assuming the above dissemination of information. The membership of Local 47 may approve the ILA proposal or may reject it and await the opportunity to consider other such proposals.
 
 
 28
 That portion of the District Court's Judgment which directs that MEBA's affiliation proposal appear on the referendum ballot is reversed, the remaining portions of the Judgment are affirmed.
 
 
 
 [1]
 Norman F. Blanchard et al. v. Rolla R. Johnson et al., No. C 74-288 (N.D.Ohio, filed July 5, 1974), Joint Appendix, Vol. I, at 201
 
 
 [2]
 (a)(1)Equal rights. Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws
 
 
 [3]
 District Court Opinion, Joint Appendix, Vol. I, at 209
 
 
 [4]
 Joint Appendix, Vol. I., at 215
 
 
 [5]
 Joint Appendix, Vol. I., at 229
 
 
 [6]
 Constitution of Great Lakes and Rivers District, Masters, Mates and Pilots Local 47, art. XVII, § 3 and art. XXIII, § 3
 
 
 [7]
 Joint Appendix, Vol. I., at 230
 
 
 [8]
 The portions of the Judgment of the District Court which we affirm are properly grounded upon Section 411(a)(1). The actions directed by the portion of the Judgment which we reverse would be improper under either Section 411(a) (1) or Section 501(a). Thus we need not reach the question of the applicability of the Section 501(a) fiduciary duty to the instant action