Don H. NIENABER; Edward N. Robinson; Charles E. Clarke; Joseph B. Bremke, Sr.; Charles Hubbard; William Roberts; Alvie Gray; Henry Nelson; William L. Stephens; Joe Hawkins; James Kuth; Pete Claug; Carpenters Local Union No. 698; Carpenters Local Union No. 1477; Carpenters Local Union No. 703; Carpenters Local Union No. 637; Ed Kuderer; Hans Schiffer; Darryl Kemper; Pat Kuderer; Ralph Langefeld; Dan Read; Biff Read; Richard Sturgeon; and John Huhn, Plaintiffs-Appellants,

v.

OHIO VALLEY CARPENTERS DISTRICT COUNCIL; and Arthur Galea, Defendants-Appellees.

No. 79–3518.

United States Court of Appeals, Sixth Circuit.

Argued June 2, 1981.

Decided July 6, 1981.

Richard C. Curry, Cincinnati, Ohio, for plaintiffs-appellants.

Frederick G. Cloppert, Jr., Columbus, Ohio, for defendants-appellees.

Before MERRITT and JONES, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

MERRITT, Circuit Judge.

Plaintiffs, several union members and four local unions, appeal from a judgment for defendants in an action under the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 411(a). The issue on appeal is whether plaintiffs are entitled to relief from union bylaws and constitution that were adopted by a mail-out ballot not in conformity with the referendum procedures of the then-applicable union constitution and bylaws.

The present controversy was heard in the Southern District of Ohio after consolidation of seven separate suits. The Ohio Valley Carpenters District Council is a regional council consisting of several local unions. It serves as a regional body of the United Brotherhood of Carpenters and Joiners of America, AFL-CIO (International Union). In 1973 the District Council appointed a committee to draft a new constitution and bylaws. Three individuals named to the committee are plaintiffs in this action. After some difficulty drafting a new constitution and bylaws that would be acceptable to the local unions, the committee submitted a proposed constitution and bylaws to the 5,000 individual members of the local unions. The ballot, distributed by mail, allowed for approval of each of the forty-six proposed sections. Although the new constitution and bylaws were approved by a wide margin, the mail voting procedure used by the committee was not in conformity with the rules in effect at that time. The International Union constitution required that voting on any referendum be done when members were "present." The District Council constitution and bylaws also required that registration stubs be attached to the ballots. Both of these requirements were violated by the mailing procedure.

The new constitution and bylaws became effective in June 1975. No appeal or protest was filed with either the District Court or the International Union for 11 months,

despite the fact that the International Union constitution required that protest of the conduct of a referendum be made within thirty days of the election. In May 1976 several protests were made to the District Council concerning the election. The central complaint, not at issue in this proceeding, was that three paragraphs were inserted into the printed bylaws that had not been approved by the membership. These three paragraphs were eventually ordered excised by the International Union.

■■■ Plaintiffs argue that the mailing procedure violated 29 U.S.C. § 411(a)(1) when it failed to conform to the referendum requirements in effect at the time of the vote. Section 411(a)(1) states that "[e]very member of a labor organization shall have equal rights and privileges within such organization . . . to vote in elections or referendums of the labor organization . . . subject to reasonable rules and regulations in such organization's constitution and bylaws." The District Court properly concluded that there was no discrimination between members of the union and no denial of the *equal* right to vote. Section 411(a)(1) was not designed to grant federal courts "jurisdiction to enforce union constitutions and by-laws across the board." *Bunz v. Moving Picture Mach. Operators' Protective Union*, 567 F.2d 1117, 1121 n.17 (D.C.Cir. 1977). The statute, rather, is "a command that members and classes of members shall not be discriminated against in their right to nominate and vote." *Calhoon v. Harvey*, 379 U.S. 134, 139, 85 S.Ct. 292, 295, 13 L.Ed.2d 190 (1964). Violation of the constitution and bylaws would also be a violation of § 411(a)(1) when the variance or irregularity results in discriminatory deprivation of an individual's right to cast a meaningful vote. *Blanchard v. Johnson*, 532 F.2d 1074 (6th Cir.), *cert. denied*, 429 U.S. 869, 97 S.Ct. 180, 50 L.Ed.2d 149 (1976). The failure to have members present or to place registration stubs on the ballots, however, did not result in discrimination. There is no cognizable § 411(a)(1) violation.

■■■ In a pendent state law claim plaintiffs argue that under Ohio law a constitution and bylaws of an unincorporated association are contracts between the members of the association. *Jacobs v. Cook*, 123 N.E.2d 276 (Ohio, Pl.1953), *aff'd*, 123 N.E.2d 282 (Ohio App.1954), *appeal dism'd*, 162 Ohio St. 319, 123 N.E.2d 283 (1954). *Jacobs* allowed relief when the constitution and bylaws of the union were "materially and substantially" amended without vote of the membership. 123 N.E.2d at 280. The District Court held against plaintiffs on the pendent state claim on the ground that plaintiffs were estopped to raise the claim because they either adopted the mail-out procedure (the named plaintiffs who were on the bylaws committee) or acquiesced in its use (no formal protest or appeal for 11 months). We conclude that plaintiffs are precluded from suing on the contractual claim because they failed to comply with the contractual procedure requiring that protest of a referendum be made within thirty days. The thirty-day rule prevents later collateral attack on the substance of a referendum merely because of technical, *de minimus* violations. By failing to raise the issue within the time and in the manner required by contract, plaintiffs lost their contractual right to contest the election under state law.

Accordingly, the judgment of the District Court is hereby affirmed.