**Richard BROWN, Plaintiff–Appellant,**

**Richard Connelly; Paul Diederichs; Catharine Jensen; Michael Jowske; Walter Kisiel; Kim Koebel; Robert E. Moss; John Philip Parke; James W. Rogers, Jr.; Robert Schuchard; Mark Sullivan; Christopher M. Trzeciak; and Marc F. Watson, Plaintiffs,**

v.

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 58 AFL–CIO; National Electrical Contractors of Detroit, Michigan, Southwestern Michigan Chapter, Defendants–Appellees.**

No. 90–1702.

United States Court of Appeals, Sixth Circuit.

Argued May 6, 1991.

Decided June 19, 1991.

Order Denying Petition for Rehearing July 31, 1991.

Rehearing and Rehearing En Banc Denied Aug. 7, 1991.

252

Barbara M. Harvey (argued), Detroit, Mich., for plaintiffs-appellants.

Bruce A. Miller (argued), Christopher P. Legghio, Miller, Cohen, Martens & Ice, Southfield, Mich., Mark M. Cunningham (argued), Kerr, Russell & Weber, Detroit, Mich., Roger J. McClow, Klimist, McKnight, Sale, McClow & Canzano, Southfield, Mich., for defendants-appellees.

Before KENNEDY and MARTIN, Circuit Judges, and SPIEGEL, District Judge.[*]

KENNEDY, Circuit Judge.

Richard Brown, one of several plaintiffs who brought this suit pursuant to the Labor–Management Reporting and Disclosure Act, 29 U.S.C. § 401 *et seq.*, appeals the District Court's summary judgment for the defendants.[1] Brown claims that the union breached its duties by: (1) depriving its members of an informed vote and an opportunity to debate and organize an opposition; and (2) breaching its duty of fair representation by submitting for ratification a change in the contract without providing sufficient information to allow members to fully understand the change. Because we conclude that the District Court failed to make certain necessary findings of fact, we AFFIRM in part, REVERSE in part, and REMAND for further proceedings.

I

Plaintiffs are building trades employees who are members of defendant International Brotherhood of Electrical Workers, Lo-

---

[*] The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation.

[1.] The notice of appeal stated that plaintiff Richard Brown, *et al.* appealed. Only Brown, there-fore, has appealed to this Court. *Minority Employees v. Tennessee Dep't of Employment,* 901 F.2d 1327 (6th Cir.1990) (en banc).

cal Union No. 58 (Local 58), which has over 2,500 members. They work for contractors through a hiring hall maintained by Local 58, and are employed under the Inside Wiremen's Agreement, which is negotiated between Local 58 and a contractors association, defendant Southeastern Michigan Chapter, National Electrical Contractors Association (NECA). In October of 1988, the Local 58 Negotiating Committee began to negotiate a contract that would succeed the 1987–89 agreement which was to expire on June 3, 1989. Local 58 held regular union meetings at which the leadership and members would discuss any developments in the negotiations, and vote on union proposals. One of those meetings was held in April 1989. The Negotiating Committee presented several of NECA's demands which were discussed on the floor. Near the end of the meeting, Thomas Butler, a committee member, addressed the issue of the "CIR" clause. That clause provided for a Joint Union–Employer Committee at the national level, called the Council on Industrial Relations for the Electrical Contracting Industry (CIR), to make final and binding decisions on unresolved bargaining issues. The 1987–89 agreement included a "modified CIR" clause, which provided for submission of an issue to the Council by agreement of both parties. A "standard CIR," which other locals had recently adopted, and Local 58's contract had included until 1975, allows unilateral submission of a dispute to the Council. Butler expressed his view that the standard CIR clause should be considered. Bernard Labowitch, the union treasurer, responded from the floor, arguing that the standard clause would deprive him of control over his destiny.

On May 24, 1989, the negotiating teams for Local 58 and NECA reached a tentative agreement on a new contract, which included a standard CIR clause. The tentative agreement and ballots, which were due on June 14, 1989, were mailed to the membership for a vote. With the ballots, Local 58 sent a letter that specifically noted the economic changes in the proposed agreement and further noted that there were other changes in the proposed agreement. The packet sent to members also included a list of the specific contract provisions on which the members were to vote, but did not explain or specifically draw attention to the non-economic changes, including the change in the CIR clause.

The plaintiffs filed suit on June 13, 1989, one day before the votes were to be counted. The plaintiffs sought injunctive and declaratory relief. The District Court issued a temporary restraining order, preventing the implementation of the new agreement. The ballots were counted, and the new agreement was approved by 100 votes. The District Court conducted a hearing, and the plaintiffs' motion for preliminary injunction was denied and the temporary restraining order was dissolved.

The parties then moved for summary judgment, and the plaintiffs appealed the magistrate's denial of plaintiffs' discovery requests. The District Court granted the defendants' motion, and affirmed the magistrate's denial. Brown now appeals both orders.

## II

A motion for summary judgment may only be granted if "there is no genuine issue of material fact and ... the moving party is entitled to judgment as a matter of law." *Celotex v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The evidence must be viewed in the light most favorable to the non-moving party. "The general standard an appellate court applies in reviewing a grant of summary judgment is the same as the district court...." *Hines v. Joy Mfg. Co.*, 850 F.2d 1146, 1149 (6th Cir.1988).

Brown claims that in granting summary judgment to the defendants, the District Court failed to recognize that there was a genuine issue of material fact. Specifically, Brown claims that there is an issue as to whether Butler stated at the April meeting that a change in the CIR provision was under consideration at that time. Several union members who were present at the meeting testified that they thought Butler was only discussing the issue because he thought it should be considered in the future. The subject was not introduced until after the other proposals had been introduced and discussed, and some members had left the meeting because they believed that the discussion about the negotiations was over.

Brown also objects to the District Court's conclusion that the ballots were mailed "on or about" May 25, 1989. Brown claims that there is a question of fact concerning this issue because there was testimony that the ballots were postmarked on May 31 and were not received until June 1 or 2.

■ The District Court stated, without making any finding of undisputed material

facts, that the provision was presented at the April meeting and that the ballots were mailed on May 25. After a review of the record on appeal we find that the District Court erred in granting summary judgment. There is a genuine issue as to whether Butler informed the members at the meeting that NECA was demanding, and Local 58 negotiating team was considering accepting, a standard CIR clause. Also, there is clearly testimony that indicates that the ballots were actually mailed on May 31, not May 25. The District Court erred in finding that there was no question of fact concerning those matters. We therefore REMAND this case for the District Court to make factual determinations as to those issues.

On remand, after the District Court makes the necessary findings of fact, it must determine whether Local 58 breached its duties under the Labor–Management Reporting and Disclosure Act (LMRDA) by failing to provide adequate information about the proposed changes in the agreement, and failing to provide adequate time in which to organize an opposition. The plaintiffs' claims were based on the bill of rights for members of labor organizations, which states:

> Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws.

29 U.S.C. § 411(a)(1).

Brown contends that the union's failure to notify the members that NECA was demanding the standard CIR clause until the actual delivery of the ballots, and the lack of any explanation of the clause with the ballots, did not allow the membership enough time to consider the consequences of the proposed change, or to organize an opposition against the change. The issue on remand, then, is whether the union in this particular situation adequately informed the membership of the proposed change in the collective bargaining agreement, or with sufficient information and time in which to organize an opposition.

In *Blanchard v. Johnson*, 532 F.2d 1074, 1078 (6th Cir.1976), this Court held that once union members are provided the opportunity to actually vote on contract proposals, " '[u]nion members are entitled under the Act to the right of a *meaningful vote....*' " (quoting *Sertic v. District Council of Carpenters*, 423 F.2d 515, 521 (6th Cir.1970)) (emphasis added). In *Blanchard* the local had broken from the national organization, and had received several offers of national affiliation from other unions. The local submitted only one of those offers to its members for a vote, without informing the members of the other offers. This Court upheld the part of the district court's opinion that required the local to resubmit the matter to its members and provide at least thirty days for the members to disseminate their views following the mailing of the ballots. *See also Knox County Local v. National Rural Letter Carriers' Ass'n*, 720 F.2d 936 (6th Cir.1984) (union required to carry a paid advertisement in its official newspaper from an opposition group within its membership); *Zamora v. Local 11*, 817 F.2d 566 (9th Cir.1987) (union required to provide translator at union meetings, where 48% were Spanish speaking); *Bunz v. Moving Picture Mach. Operators' Protective Union*, 567 F.2d 1117, 1122 (D.C.Cir.1977) ("minority's ballots were deprived of their effectiveness when the union, by issuing a patently frivolous interpretation of its constitution, raised the percentage of votes required to defeat the assessment from 34% to 51%").

The Court also held in *Blanchard*, however, that the union was not required to submit all proposals for a vote at once "so long as sufficient information about all proposals received by the Executive Board is disseminated to the membership to allow a reasoned and informed vote on the proposal which appears on the ballot." *Blanchard*, 532 F.2d at 1079. The Court cautioned that "this Court is not unfettered in its determination of what constitutes 'full and active participation' or a 'meaningful vote.' " *Id.* at 1078.

The issues to be decided on remand are mixed questions of fact and law. The District Court must determine whether the union provided its members sufficient time and information to allow an opportunity for debate and opposition. *See Sako v. Teamsters Local 705*, 125 L.R.R.M. 2372, 1987 WL 10981 (N.D.Ill.1987) (union violated section 411(a)(1) when it did not notify its membership that they were to vote on a new agreement until the day before the meeting); *Bauman v. Presser*, 117 L.R.R.M. 2393, 2399, 1984 WL 3255 (D.D.C.1984) (The union failed to provide

the membership with "adequate opportunity to intelligently discuss or debate the proposed agreement or to lobby their fellow members for their support" when it did not notify the membership that contract was being negotiated until ballots were mailed, three weeks before they were due.).

The union has a duty to provide its membership with a meaningful opportunity to participate in the deliberations. The District Court must first make factual determinations as to when and how the membership was notified of the change in the CIR clause, and then determine whether that provided meaningful participation in accordance with the requirements of section 411(a)(1). Although there are extreme cases that are within the requirements of the LMRDA, or in violation of the LMRDA, as a matter of law, most questions of such violations must be decided on a case-by-case basis. Each must be analyzed contextually to determine how much information and how much time was necessary, in light of such things as the complexities of the issues, the accessibility of the membership to each other, and the manner in which such issues were discussed in the past.

### III

Brown also contends that the District Court erred in granting summary judgment on the claim that the union breached its duty of fair representation. Brown claims that the union breached its duty in accepting NECA's proposal to change the CIR clause, and in submitting the proposed change without sufficient explanation. In light of the Supreme Court's decision in *Air Line Pilots Ass'n v. O'Neill*, — U.S. ——, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991), we AFFIRM summary judgment on this issue.

■ A union breaches its duty of fair representation if its actions are arbitrary, discriminatory, or in bad faith. *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Because there is no indication that the union negotiators acted in bad faith or that they discriminated against any union members, Brown can only prevail on this issue if he can show

that the union acted arbitrarily. The Supreme Court held in *O'Neill* that "a union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness' as to be irrational." *O'Neill*, — U.S. at ——, 111 S.Ct. at 1130 (quoting *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338, 73 S.Ct. 681, 686, 97 L.Ed. 1048 (1958)).

■ There is no evidence to support a claim that the union's actions were irrational. First, it was not irrational to accept NECA's proposal to change the CIR clause. Other locals had been converting to the standard CIR clause, and Local 58's collective bargaining agreement had included a standard CIR clause until 1975. The adoption of a standard CIR clause, therefore, cannot be described as irrational. The manner in which Local 58 submitted the proposal was also not a breach of the duty of fair representation. Although in some cases, a violation of the Act may amount to discriminatory or irrational actions by a union, a violation of the Act in and of itself is not enough to prove a breach of the duty of fair representation. Therefore, even if the District Court on remand determines that there has been a violation of the Act, the violation does not constitute a breach of the duty of fair representation. The District Court did not err in granting the defendants summary judgment on this issue.

### IV

Accordingly, we REVERSE the District Court's summary judgment for the defendants on the issue of alleged violation of the Labor Management Reporting and Disclosure Act, and REMAND for further proceedings in accordance with this opinion. We also AFFIRM the District Court's summary judgment on the issue of breach of the duty of fair representation.

### ORDER DENYING PETITION FOR REHEARING

July 31, 1991.

Defendants petition for rehearing, urging that the District Court's findings in

connection with the motion for preliminary injunction resolved the disputed issue of fact.

Although the District Judge made findings of fact based on the conflicting evidence presented at the hearing on the preliminary injunction, that hearing was not consolidated with trial on the merits. Fed. R.Civ.P. 65. As pointed out by Wright and Miller, Federal Practice and Procedure § 2950, p. 494:

> Although evidence received at a Rule 65(a) hearing may enter the trial record, the court's findings of fact and conclusions of law with regard to the preliminary injunction are not binding at trial. Based, as they usually are, on incomplete evidence and a relatively hurried consideration of the issues, these provisional decisions should not be used outside the context in which they originally were rendered. Consequently, it is inappropriate for the court at a Rule 65(a) hearing to make findings of fact or conclusions of law that go beyond what is necessary to decide whether a preliminary injunction should be issued.[1]

Thus, although the District Court may make the same findings at trial, there are presently disputed issues of material fact.

Accordingly, the motion for rehearing is DENIED.

---

1. Beyond what is necessary. *Mayo v. Lakeland Highlands Canning Co.,* 1940, 309 U.S. 310, 60 S.Ct. 517, 84 L.Ed. 774 (it was serious error to find state statute unconstitutional after a preliminary injunction hearing when only questions before court were whether showing raised serious questions under federal constitution and state law and whether enforcement of act pending final hearing would cause plaintiffs irreparable harm.)