945 F.2d 405
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harry L. REYNOLDS, Plaintiff-Appellant,
v.
LOCAL 24, UNITED STEEL WORKERS OF AMERICA, William Diels,
Tim Jester, Defendants-Appellees,
Michael L. Paisie, et al., Defendants.
 No. 91-3167.
 United States Court of Appeals, Sixth Circuit.
 Oct. 2, 1991.
 
 Before BOYCE F. MARTIN, Jr. and NATHANIEL R. JONES, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Ohio plaintiff appeals the district court's summary judgment in this action based on alleged violations of the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 411. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Harry L. Reynolds, a member of Local 24, United Steel Workers of America, alleged that the local and its officers discriminated against him in violation of the LMRDA "Bill of Rights," 29 U.S.C. § 411(a). Reynolds maintained that he was deprived of voting rights and rights of speech and assembly. He also asserted state tort claims against individual members of Local 24. He sought monetary and injunctive relief.
 
 
 3
 The district court granted summary judgment in favor of Local 24 and its president. The district court declined to exercise discretionary jurisdiction over state law claims. Remaining defendants and claims were dismissed for lack of jurisdiction.
 
 
 4
 Upon review, we conclude that summary judgment was proper. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 5
 Although Reynolds maintains that some facts are in dispute, the facts he addresses are not material because they do not affect the outcome of the suit. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 6
 Additionally, defendants are entitled to judgment as a matter of law because Reynolds did not demonstrate that the circumstances under which he reviewed the proposed contract or submitted his vote denied him meaningful participation. Cf. Blanchard v. Johnson, 532 F.2d 1074, 1078 (6th Cir.), cert. denied, 429 U.S. 834 (1976).
 
 
 7
 Reynolds also argues that the district court erred by refusing to exercise jurisdiction over his state tort claims. When federal claims are dismissed before trial, the court should dismiss the state claims without prejudice. United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). Where, as in this case, the federal claims are properly dismissed, the district court's refusal to exercise discretionary jurisdiction is also proper. Sem-Torq, Inc. v. K Mart Corp., 936 F.2d 851, 855-56 (6th Cir.1991).
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.