**MEYER GOLDBERG, INC. OF LORAIN, et al., Plaintiffs-Appellees,**

v.

**Meyer GOLDBERG and Frances Goldberg, Intervenors-Appellants,**

v.

**FISHER FOODS, INC., et al., Defendants-Appellees.**

No. 82–3063.

United States Court of Appeals, Sixth Circuit.

Argued March 15, 1983.

Decided Sept. 14, 1983.

Jerome F. Weiss (argued), Jerry Boykin, Cleveland, Ohio, for intervenors-appellants.

John D. Leech, Michael L. Miller, John Paul Batt, John F. McClatchy, Leslie W. Jacobs, Charles L. Freed, Thompson, Hine & Flory, Janet R. Burnside (argued), Fink, Greene & Hennenberg, Cleveland, Ohio, for plaintiffs-appellees.

Before LIVELY and KRUPANSKY, Circuit Judges, and BALLANTINE, District Judge.*

KRUPANSKY, Circuit Judge.

This is an appeal from an Order of the District Court for the Northern District of Ohio, which denied the motion of appellants, Meyer and Frances Goldberg (the Goldbergs), husband and wife, to intervene in a pending private antitrust action.

A review of the record below discloses the following facts. On March 28, 1979, five corporations, Meyer Goldberg, Inc. of Lorain, Meyer Goldberg Oberlin Avenue, Inc., Meyer Goldberg No. 1, Elyria, Ohio, Inc., Meyer Goldberg North Ridgeville, Inc., and Meyer Goldberg-Sheffield, Inc., (hereafter the plaintiff corporations) instituted a private antitrust action against two corporate

* Hon. Thomas A. Ballantine, Jr., United States District Judge for the Western District of Kentucky, sitting by designation.

defendants. The plaintiff corporations and the defendant corporations both operated retail grocery stores in Northeast Ohio.

Approximately one month after the antitrust complaint was filed, the plaintiff corporations were thrust into bankruptcy. A Trustee was appointed for the corporate estates and counsel was designated to prosecute the antitrust action on the plaintiff corporations' behalf.

On October 28, 1981, the Goldbergs filed a motion to intervene in their personal capacity in the action between the plaintiff corporations and defendant corporations. The Goldbergs were and are the owners of all the stock of the plaintiff corporations.

On November 16, 1981, the trial court denied the Goldbergs' motion to intervene and the Goldbergs filed a timely notice of appeal.[1]

The initial focus of this appeal is, of necessity, on Rule 24, Fed.R.Civ.P., which provides, in pertinent part:

**Rule 24. Intervention**

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.

\* \* \* \* \* \*

In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

The Goldbergs asserted below, and maintain on appeal, that they are entitled to intervene as of right pursuant to Rule 24(a)(2). Essentially, Rule 24(a)(2) provides a three-prong test for determining an individual's right to intervene. *Blanchard v. Johnson*, 532 F.2d 1074 (6th Cir.), *cert. denied*, 429 U.S. 869, 97 S.Ct. 180, 50 L.Ed.2d 149 (1976). That is:

> On timely application an absentee shall be permitted to intervene if (1) he claims an interest relating to the property or transaction that is the subject of the action, and (2) he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless (3) his interest is adequately represented by existing parties.

7A. C. Wright and A. Miller, Federal Practice and Procedure § 1908 (1972).

The Supreme Court has yet to comprehensively define, if such definition is possible, the nature of the "interest" prerequisite to intervention as of right. In *Donaldson v. United States*, 400 U.S. 517, 532, 91 S.Ct. 534, 543, 27 L.Ed.2d 580 (1971), the Supreme Court simply noted that "[w]hat is obviously meant [by Rule 24(a)(2)] is a significantly protectable interest." Similarly, in *Brewer v. Republic Steel Corp.*, 513 F.2d 1222, 1223 (6th Cir.1975), this Court stated that a "direct, substantial, interest in [the] litigation" is required by Rule 24(a)(2).

Appellants appear to assert two separate but related interests. The Goldbergs contend that, as the sole stockholders, and also

---

1. In February of 1982, the plaintiff corporations, through their Trustee, settled their antitrust claims with the corporate defendants. The settlement released the defendants from all claims of the corporate plaintiffs for the sum of $400,000. This sum, pursuant to the settlement, was deposited with the Clerk of Court pending, *inter alia*, "the final disposition by the United States Court of Appeals for the Sixth Circuit or the final disposition by the Supreme Court of the United States or the final disposition of both of the district court's Order denying the Intervention Motion in this case."

as creditors, they possess a significant pecuniary interest in the litigation. Secondly, the Goldbergs assert that, as the sole shareholders, they possess an independent cause of action against the defendants for the alleged antitrust violations, and that this cause of action provides the requisite "interest" for intervention.

■ In addressing the Goldbergs' first argument, it is clear that, as creditors and the sole shareholders, the Goldbergs possess a direct substantial interest in the litigation and an adverse disposition of the action would impair that interest. The first two prongs of the test are therefore satisfied.

■ However, it is equally clear that this interest is adequately protected by the Trustee. The Trustee's "paramount duty is to conserve and advance the interests of the estate entrusted to him," 2A Collier on Bankruptcy § 743 (1978) and it is presumed that a Trustee will adequately represent the interests of the estates he is charged with representing. Wright & Miller *supra* at § 1909. Moreover, in this Circuit, the applicant for intervention bears the burden of demonstrating inadequate representation. *Blanchard v. Johnson, supra; Afro American Patrolmens League v. Duck,* 503 F.2d 294 (6th Cir.1974).

The Goldbergs have failed to demonstrate that their interest as stockholders and creditors is not adequately represented by the Trustee and thus their claim of intervention as of right fails on this ground. *See, Heyman v. Exchange National Bank of Chicago,* 615 F.2d 1190 (7th Cir.1980).

The second interest which the Goldbergs assert to justify intervention is that they, as the sole shareholders, possess a cause of action separate and apart from the right of action of the corporations. The district court held that stockholders have no such cause of action.

Section 4 of the Clayton Act, 15 U.S.C. § 15, provides, in pertinent part:

Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States . . . and shall recover three fold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee.

The issue of the Goldbergs' ability to bring suit, however, "cannot be answered simply by reference to the broad language of § 4." *Associated General Contractors of California, Inc. v. California State Council of Carpenters,* —— U.S. ——, ——, 103 S.Ct. 897, 907, 74 L.Ed.2d 723 (1983). Rather, the Court must consider the judicial interpretations of § 4.

The Goldbergs rely on this Court's decision in *Chrysler Corp. v. Fedders Corp.,* 643 F.2d 1229 (6th Cir.), *cert. denied,* 454 U.S. 893, 102 S.Ct. 388, 70 L.Ed.2d 207 (1981), for the proposition that a stockholder in a corporation has standing to bring an antitrust action for injuries suffered to his interest in the corporation. There is, indeed, language in *Chrysler Corp.* supportive of the Goldbergs' assertion. *See id.* at 1235.

A recent opinion of this Court, however, which applied the latest Supreme Court decisions in this area, makes clear that *Chrysler Corp.* is no longer controlling precedent for determining the proper party to bring an antitrust action. In *Southaven Land Co., Inc. v. Malone & Hyde, Inc.,* 715 F.2d 1079 (6th Cir.1983), this Court reviewed the Supreme Court's pronouncements in *Blue Shield of Virginia v. McCready,* 457 U.S. 465, 102 S.Ct. 2540, 73 L.Ed.2d 149 (1982) and *Associated General Contractors of California, Inc. v. California State Council of Carpenters, supra,* and was prompted to conclude that strict adherence to the "zone of interests" test utilized in *Chrysler Corp.* for determining a proper party to bring an antitrust action was no longer permissible. The Court therefore resolved "to consider, henceforth, the § 4 inquiry on a case by case basis by applying the criteria defined in *Associated General Contractors.*" *Southaven Land Co., Inc. v. Malone & Hyde, Inc., supra,* at 1086.

The pertinent elements identified in *Associated General Contractors,* include:

(1) the causal connection between the antitrust violation and harm to the plaintiff

and whether that harm was intended to be caused; (2) the nature of the plaintiff's alleged injury including whether the plaintiff was a consumer or competitor in the relevant market; (3) the directness or indirectness of the injury, and the related inquiry of whether the damages are speculative; (4) the potential for duplicative recovery or complex apportionment of damages; and (5) the existence of more direct victims of the alleged antitrust violation.

*Southaven Land Co., Inc. v. Malone & Hyde, Inc., supra,* at 1085.

■ Applying the pronouncements of *Associated General Contractors* and *Southaven* to the case at bar inescapably mandates the conclusion that the Goldbergs are not the proper parties to bring the antitrust action they allege.[2] It should be noted preliminarily that the Goldbergs' complaint, with minor changes, is merely a restatement of the complaint filed by the plaintiff corporations. The complaint fails to assert any injury different in kind or degree from the corporations' injuries. While the complaint does allege a causal connection between the antitrust violations and the Goldbergs' losses as stockholders, it is apparent that other factors weigh heavily against permitting them to bring the action.

First, the Goldbergs as individuals were neither competitors nor, for present purposes, consumers in the retail grocery market. The nature of their injury was essentially a loss on investment and not that of participants in the relevant market.

Secondly, the Goldbergs' injury is clearly indirect. The reduction in the value of the Goldbergs' stock is merely a derivative effect of the injury to the corporations.

Because of the indirectness of the Goldbergs' alleged injuries, an action by them presents the potential for duplicative recovery; once by the corporations and once by the Goldbergs. Any attempt to resolve the duplicative recovery dilemma would entail another undesirable aspect, i.e., complex apportionment for damages.

Finally, of course, the plaintiff corporations are readily identifiable more direct victims of the alleged antitrust violations. Moreover, the corporations have taken the necessary action to redress their injuries and, hence, foreclosing the Goldbergs' action will not "leave a significant antitrust violation undetected or unremedied." *Associated General Contractors of California, Inc. v. California State Council of Carpenters, supra* —— U.S. at ——, 103 S.Ct. at 911.

In sum, the Court finds, weighing the pertinent factors, that the Goldbergs are not proper parties under § 4 of the Clayton Act. Thus, the second interest urged by the Goldbergs in an attempt to intervene as of right is lacking. Accordingly, the district court was correct in denying their motion under Rule 24(a).

■ The Goldbergs also requested of the court below that they be permitted to intervene under Rule 24(b). A motion for permissive intervention under Rule 24(b) is directed to the sound discretion of the district judge. *Brewer v. Republic Steel Corp., supra; Afro American Patrolmen's League v. Duck, supra.* The lower court declined the Goldbergs' request for permissive intervention noting that they had the right to protect their interests by objecting to any compromise of the antitrust action in the bankruptcy court. This Court does not find the lower court's action an abuse of discretion.

In accordance with the foregoing, the decision of the district court must be, and hereby is, AFFIRMED.

---

2. The Court would note that other circuits have consistently rebuffed attempts by stockholders to bring antitrust actions. *See e.g. Stein v. United Artists Corp.,* 691 F.2d 885 (9th Cir. 1982); *Jones v. Ford Motor Co.,* 599 F.2d 394 (10th Cir.1979); *Vincel v. White Motor Corp.,* 521 F.2d 1113 (2d Cir.1975); *Mendenhall v. Fleming Co., Inc.,* 504 F.2d 879 (5th Cir.1974); *Deaktor v. Fox Grocery Co.,* 475 F.2d 1112 (3d Cir.), *cert. denied,* 414 U.S. 867, 94 S.Ct. 65, 38 L.Ed.2d 86 (1973).