The TRIAX COMPANY, Plaintiff,

Jerome H. Lemelson, Proposed Plaintiff-Intervenor, Appellant,

v.

TRW, INC. and Conco, Inc., Defendants-Appellees,

Hartman Metal Fabricators, Inc., Defendant-Intervenor-Appellee.

No. 82–3575.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 6, 1983.

Decided Jan. 16, 1984.

William C. McCoy, Jr., Pearne, Gordon, Sessions, McCoy & Granger, Stephen A. Hill (argued), Cleveland, Ohio, for appellant.

Charles B. Lyon, Maky, Renner, Otto & Boissell, Cleveland, Ohio, Stanley C. Dalton, Wegner, Stellman, McCord, Wiles & Wood, Ronald L. Wanke (argued), Chicago, Ill., Hal D. Cooper, Jones, Day, Reavis & Pogue, Cleveland, Ohio, for appellees.

Philip K. Fitzsimmons (argued), Shlesinger, Fitzsimmons & Sclesinger, Rochester, N.Y., for defendant-intervenor.

Richard J. Egan, Baldwin, Egan, Walling & Fetzer, Cleveland, Ohio, for plaintiff Triax Co.

Before CONTIE, Circuit Judge, and PHILLIPS and CELEBREZZE, Senior Circuit Judges.

PHILLIPS, Senior Circuit Judge.

This appeal involves the asserted right of Appellant, Jerome H. Lemelson, the inventor and original owner of the two patents-in-suit, to intervene as plaintiff in a patent infringement action. The district court entered summary judgment holding the two patents to be invalid. The purpose of Lemelson's attempted intervention was to prosecute an appeal after the original plaintiff, the losing party, had decided not to appeal.

Friday, May 28, 1982, was the last day for filing a notice of appeal. Six days before that date, on Sunday, May 23, Appellant Lemelson learned for the first time that the original plaintiff was not going to perfect an appeal from the summary judgment holding that the patents were invalid. On May 28, 1982, Appellant filed his motion to intervene pursuant to Fed.R.Civ.P. 24(a)(2),

and to extend the time for filing a notice of appeal. He also filed a notice of appeal on that date.

The district court denied the motion to intervene. We reverse.

## I.

On August 6, 1973, plaintiff, Triax Company, filed an action in the United States District Court for the Northern District of Ohio, seeking injunctive relief and compensatory damages due to the alleged infringement by defendant TRW, Inc. of its United States Letter Patent No. 3,486,640. Jurisdiction was invoked under 28 U.S.C. § 1338 and 35 U.S.C. § 281. Almost a year later, Triax filed a "supplement to the complaint" alleging that its United States Letter Patent No. 3,389,814 also was infringed by TRW, Inc.

On June 13, 1974, Triax filed a second action in the Northern District of Ohio alleging infringements of the same patents by Otis Elevator Company.

On July 30, 1974, Triax filed an action in the United States District Court for the Northern District of Illinois alleging that defendant Conco, Inc. was infringing the same two patents. On November 26, 1974 the Judicial Panel on Multidistrict Litigation issued an order consolidating pre-trial discovery in the three actions in the United States District Court for the Northern District of Ohio. *In re the Triax Company Patent Litigation,* 385 F.Supp. 590 (J.P.M.D. L.1974). On February 18, 1975 defendant Hartman Metal Fabricators, Inc. was given leave to intervene in the action filed against TRW, on the ground that Hartman had manufactured and sold to TRW the device alleged by Triax to constitute an infringement of the patents. On May 8, 1978 the action against Otis Elevator Company was dismissed.

On October 21, 1980 the remaining defendants filed a joint motion for summary judgment asserting that the patents were invalid under 35 U.S.C. § 102(b).[1]

On April 28, 1982, the District Court granted defendants' joint motion for summary judgment on the ground that the patents allegedly infringed upon were invalid under 35 U.S.C. § 102(b), and an invalid patent cannot be infringed. Triax decided not to appeal the grant of summary judgment.

In 1964, plaintiff Triax had entered into a Patent Rights Agreement (Agreement) with the inventor, Lemelson. On August 16, 1978 Lemelson and Triax entered into a supplementary agreement incorporating the two patents that are the subject of this litigation into the 1964 agreement. This agreement constituted an assignment of the "entire present and future right, title and interest" in the patents-in-suit "together with all claims, demands or rights of action in the name of Triax." In addition, in the 1978 supplementary agreement Lemelson agreed to share in the litigation expenses arising from this litigation.

## II.

The sole question presented in this appeal is whether Lemelson was entitled to intervention as of right under Fed.R.Civ.P. 24(a)(2)[2] after the decision of the district court granting summary judgment in favor of defendants, from which plaintiff Triax decided not to appeal, when Lemelson both

---

1. 35 U.S.C. § 102(b) provides in pertinent part:
   A person shall be entitled to a patent unless—

   .   .   .   .   .

   (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States, . . .

2. Fed.R.Civ.P. 24(a)(2) provides:

   **(a) Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: . . .
   (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

knew of, and was actively involved in, the litigation prior to the granting of summary judgment.

■ To intervene as a matter of right the proposed intervenor must demonstrate (a) that he has an interest in the property or transaction that is the subject matter of the litigation; (b) that the disposition of the action as a practical matter may impair or impede his ability to protect that interest; and (c) that parties already in the litigation cannot adequately protect that interest. Fed.R.Civ.P. 24(a)(2). *Goldberg v. Fisher Foods,* 717 F.2d 290, 292, (6th Cir.1983); *Blanchard v. Johnson,* 532 F.2d 1074 (6th Cir.), *cert. denied,* 429 U.S. 869, 97 S.Ct. 180, 50 L.Ed.2d 149 (1976). *See* 7A C. Wright and A. Miller, *Federal Practice and Procedure* § 1908 (1972).

■ In addition, a motion to intervene must be timely filed. *United Airlines v. McDonald,* 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977); Fed.R.Civ.P. 24(a).

■ The district court concluded that Lemelson, as proposed intervenor, had the requisite "interest" to satisfy the first requirement. The Court stated: "It is uncontroverted that Lemelson receives Royalties from Triax contingent on continuing validity of the patents. Further, he paid forty percent of the litigation costs in suit and would receive forty percent of any recovery. Therefore, he maintains the requisite interest for intervention." Furthermore, Lemelson held a contingent interest in the patents. Under the agreement, if Triax failed to make minimum royalty payments, the patents would revert to Lemelson. Thus, Lemelson met the requirement that his interest be "a significant protectable interest." *Donaldson v. United States,* 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971).

■ As stated above, the second prong of the test for intervention as of right is whether the disposition of the action as a practical matter may impair or impede Lemelson's ability to protect that interest. *Goldberg, supra.* Undoubtedly Lemelson satisfies this criteria. A final judgment declaring the patents at issue invalid means that Lemelson no longer is entitled to receive any royalties on these patents. In addition, Lemelson would be collaterally estopped from seeking damages from other potential infringers of the patents, because there can be no infringement of an invalid patent. The only way he could protect his interest effectively would be to seek appellate review of the district court decision. Triax's decision not to file a notice of appeal left Lemelson without a mechanism to seek appellate review of the summary judgment of the district court declaring the two patents to be invalid. Thus, we conclude that denial of his motion to intervene impairs and impedes Lemelson's ability to protect his interest in the patents.

■ The third prong of the test is whether the parties already in the litigation cannot adequately protect the interests of the proposed intervenor. The district court concluded Lemelson had failed to demonstrate that Triax had not protected his interests adequately. In this Circuit, "an applicant for intervention has the burden of showing that representation by existing parties is inadequate." *Goldberg, supra; Blanchard, supra,* 532 F.2d at 1077; *Afro-American Patrolman's League v. Duck,* 503 F.2d 294, 298 (6th Cir.1974). However, the Supreme Court has stated that the burden of demonstrating inadequacy of representation is a minimal one. *See Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636, 30 L.Ed.2d 686 (1972).

The district court concluded that representation was adequate because Plaintiff Triax did not fail in its duty to represent Lemelson. The district court stated:

> Representation is adequate, for purpose of intervention, if no collusion is shown between the representative and an opposing party, if the representative does not have or represent an interest adverse to the proposed intervenor and if the repre-

sentative does not fail in the fulfillment of his duty.

The opinion of the district court suggests that only if one of these three factors is shown, representation is inadequate. These three factors, however, cannot be said to be a comprehensive list of the circumstances where intervention of right ought to be granted. *See* 7A C. Wright & A. Miller, *Federal Practice and Procedure* § 1909, at 523–24 (1972).

There is no dispute that Lemelson's and Triax's interests were in accord prior to the granting of defendants' motion for summary judgment. Therefore, under the plain language of Fed.R.Civ.P. 24(a)(2), Lemelson would not have been entitled to intervention as of right before the patents were held to be invalid because he could not demonstrate that Triax was not adequately protecting his interests in the patents. However, after final judgment was rendered in favor of defendants, Lemelson wanted to appeal but Triax elected not to do so. It is at this point, Lemelson contends, that Triax's representation became inadequate. For whatever reason, Triax determined its best interests were served by not seeking a judicial review of the summary judgment of the district court. Triax had a right to choose not to appeal. "Even a decision not to take an appeal is ordinarily within the discretion of the representative, though in unusual cases this may show inadequate representation." 7A C. Wright & A. Miller, *Federal Practice and Procedure,* § 1909 at 532 (1972) (footnotes omitted). We find this to be such an unusual case. The nature of Triax's interest and Lemelson's interest make this case unusual. Triax, once the patent was declared invalid, had a mechanism by which it could release itself from the obligations to pay Lemelson minimum royalty payments. Lemelson, on the other hand, without an appeal would lose not only his royalty payments from Triax, but he never again would be able to profit from his purported inventions in any manner. He would be collaterally estopped from suing any other "alleged infringer"

because of the decision of the district court. The only way to preserve his interest in the two patents declared invalid by the district court was to appeal the decision. We conclude that, as of the time Triax decided not to appeal, its representation of Lemelson's interest became inadequate; therefore, Lemelson satisfied the third prong of the test for intervention of right under Fed.R.Civ.P. 24(a)(2).

Finally, we consider whether Lemelson's motion to intervene meets the "timeliness" requirement of Fed.R.Civ.P. 24(a)(2). In this Circuit several factors are considered in determining timeliness: (1) the point to which the suit had progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention. *Michigan Ass'n. for Retarded Citizens v. Smith,* 657 F.2d 102, 105 (6th Cir.1981).

In the present case intervention is sought solely for the purpose of prosecuting an appeal from the district court. Although this litigation had progressed to final judgment, and Lemelson knew of his interest in the litigation for some time, he had no reason to seek intervention prior to the decision of Triax not to appeal. Appellees' interest will not be prejudiced substantially by granting Lemelson intervention for purposes of appeal. Appellees reasonably could have expected Triax to appeal the decision of the district court. Although this litigation already has had a protracted history, and parties have an interest in a final resolution of their claims, Appellees' interest does not outweigh Lemelson's interest in seeking appellate court review of the finding that his patents are invalid.

The district court's determination that the patents were invalid is one factor militating in favor of intervention. This is not a case where the district court determined simply that there was no infringement by the particular defendants.[3] Rather, the district court held that there was no infringement because the patents were invalid.

Intervention as of right after judgment has been recognized by the Supreme Court in *United Airlines v. McDonald,* 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977). Lemelson urges that *McDonald* requires intervention. Appellees seek to distinguish *McDonald,* noting particularly that it was a class action case, and therefore unlike the case at bar. In *McDonald,* plaintiffs, United Airlines stewardesses, challenged a rule requiring stewardesses, but not stewards, to remain unmarried as a condition of employment. The trial court denied a request for class certification on behalf of all stewardesses discharged because of this rule. The Court of Appeals declined to accept an interlocutory appeal. Following a trial on the merits, the district court determined that the plaintiffs were entitled to back pay and reinstatement. Stewardess McDonald was a member of the class not given certification by the district court. After learning that the plaintiffs did not plan to appeal the order denying class certification, despite their earlier attempt to do so, Mrs. McDonald, eighteen days after the final judgment of the district court, filed a motion to intervene for the purpose of appealing the adverse class determination order. The district court denied intervention. The Court of Appeals reversed, and the Supreme Court affirmed. *McDonald, supra,* 432 U.S. at 396, 97 S.Ct. at 2471. The sole issue before the Court was whether Mrs. McDonald's motion to intervene was "timely".

In *McDonald,* the Court stated, "as soon as it became clear to the respondent [Mrs. McDonald] that the interests of the un-named class members would no longer be protected by the named class representatives, she promptly moved to intervene to protect those interests." 432 U.S. at 394, 97 S.Ct. at 2469 (footnote omitted). Likewise, in the case at bar, Lemelson, upon learning of Triax's decision not to appeal the judgment rendering the two patents invalid, promptly sought to file for intervention. His application was made within the time period prescribed for purposes of filing an appeal. Fed.R.App.P. 4(a).

The district court cites certain factors which distinguish *McDonald* from the present case. Although the distinctions are accurate, we conclude that "in view of all the circumstances the intervenor acted promptly after entry of final judgment." *McDonald, supra,* 432 U.S. at 396, 97 S.Ct. at 2471. We therefore hold that Lemelson has satisfied the timeliness requirement of Fed.R.Civ.P. 24(a).

In summary, proposed-intervenor Lemelson has satisfied the three criteria set forth under Fed.R.Civ.P. 24(a)(2) to warrant intervention as of right. In addition, we conclude that under the circumstances of the present case, his motion to intervene was "timely." Accordingly, we reverse the district court's denial of Lemelson's motion to intervene and remand for further proceedings not inconsistent with this opinion.

No costs are taxed. The parties will bear their own costs on the present appeal.

---

**3.** We do not speculate as to whether intervention as of right for purposes of appeal would be appropriate in such a case.