## In re HYDE PARK PARTNERSHIP, Debtor.

## In re Richard HARRIS and Hyman R. Swolsky Partnership, a/k/a Hyde Park (a partnership), Debtor.

## In re Hyman R. SWOLSKY, Debtor.

### Richard E. HARRIS, Plaintiff,

### v.

### Hyman R. SWOLSKY, et al., Defendant.

## In re Hyman R. SWOLSKY, Debtor.

### Richard E. HARRIS, Plaintiff,

### v.

### Hyman R. SWOLSKY, Defendant.

Bankruptcy Nos. 85–02123, 85–02124. Adv. Nos. 85–0345, 85–0346.

United States Bankruptcy Court, N.D. Ohio, W.D.

Nov. 13, 1986.

Thomas W. Heintschel, Toledo, Ohio, for movant.

John J. McHugh, III, Toledo, Ohio, for Richard Harris.

H. Buswell Roberts, Jr., Toledo, Ohio, for Hyman R. Swolsky.

### OPINION AND ORDER DENYING MOTION TO INTERVENE

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court upon the motion of the Committee of Unsecured Creditors of the bankruptcy estate of Hyman R. Swolsky ("Committee"), for an or-

der allowing it to intervene as a party in interest in the Richard A. Harris and Hyman R. Swolsky partnership bankruptcy ("Partnership") pursuant to 11 U.S.C. § 1109(b). Richard E. Harris, a general partner of the Debtor, opposes the motion to intervene. The court finds that movant is not a party in interest nor are there any unusual circumstances that would compel this court to permit movant's intervention. Accordingly, movant's motion is not well taken and should be denied.

## DISCUSSION

11 U.S.C. § 1109(b) provides:

(b) A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

Bankruptcy Rule 2018 implements § 1109 and states in pertinent part:

(a) *Permissive Intervention.* In a case under the code, after hearing on such notice as the court directs and for cause shown, the court may permit any interested entity to intervene generally or with regard to any specified matter.

■ Movant is a creditors' committee formed in the Hyman R. Swolsky individual bankruptcy case. It seeks to intervene in the Richard A. Harris and Hyman R. Swolsky partnership case. Section 1109 grants a creditors' committee the opportunity to be heard on any issue in the case for which it was formed. Section 1109, thus, does not permit movant to be heard in the partnership case as the Committee was not formed for the partnership case. Additionally, while movant claims to be a party in interest, entitled to intervene pursuant to § 1109(b), it admits that its interests are already adequately represented. *See infra* p. 196. Movant must, then, under Bankruptcy Rule 2018, show cause why it should be allowed to intervene.

Movant seeks to intervene in a bankruptcy case. While the court recognizes that Bankruptcy Rule 7024, which makes F.R. Civ.P. 24 applicable to adversary proceedings, does not govern the instant situation, it finds that consideration of that rule is pertinent. Bankruptcy Rule 2018, which governs movant's motion, and F.R.Civ.P. 24 both deal with permissive intervention.

■ The sixth circuit, in *Meyer Goldberg, Inc. of Lorain v. Goldberg,* 717 F.2d 290 (6th Cir.1983), stated that the applicant for intervention bears the burden of demonstrating inadequate representation. *See also In re Zyndorf,* 44 B.R. 77, 12 B.C.D. 589 (Bkrtcy.N.D.Ohio 1984) (movant bears burden of setting forth grounds for intervention). In fact, the court may restrict intervention to those whose interest is not already represented. *Fuel Oil Supply & Terminaling v. Gulf Oil Corp.,* 762 F.2d 1283 (5th Cir.1985). *See also In re Charter Co.,* 50 B.R. 57, 12 C.B.C.2d 1333, (Bkrtcy W.D.Tex.1985) (24(a)(2) allows intervention if movant's interest in subject property is not already adequately represented). Additionally, the granting of permissive intervention is within the court's discretion. *See Meyer Goldberg, Inc., supra* (motion for permissive intervention under 24(b) is directed to the sound discretion of the district judge); *In re Benny,* 791 F.2d 712 (9th Cir.1986) (denial of permissive intervention would only occur if the district court had abused its discretion); *In re Charter Co.,* 50 B.R. 57, 12 C.B.C.2d 1333 (Bkrtcy.W.D.Texas 1985) (court ultimately has discretion to allow or refuse intervention).

■ Movant fails to carry its burden of demonstrating inadequate representation as it stated that its claims and interest "do not depart from the matter in dispute between the parties, but rather involve the very same matters." Motion to Intervene at 8. Thus, movant acknowledges that its interests are being represented by others.

The court in *In re Environmental Electronics Systems,* 11 B.R. 962 (Bkrtcy.N.D. Ga.1981), citing *Kheel v. American Steamship Owners Mutual Protection and Indemnity Association,* 45 F.R.D. 281 (S.D. N.Y.1968) stated, "[t]he mere existence of a third person's contingent interest in the outcome of pending litigation is insufficient

to warrant intervention of right." 11 B.R. at 964. Furthermore, this court held in *In re Taylor Transport, Inc.,* 28 B.R. 832, 10 B.C.D. 426, 8 C.B.C.2d 289 (Bkrtcy.N.D. Ohio 1983), that the holder of a contingent interest should be denied party in interest status.

 It is generally accepted that for bankruptcy purposes a partnership is a separate and distinct entity from its partners. *Liberty National Bank v. Bear,* 276 U.S. 215, 48 S.Ct. 252, 72 L.Ed. 536 (1928); *In re Jercyn Dress Shop,* 516 F.2d 864 (2d Cir. 1975). Thus, while the Committee has claims against the estate of Hyman Swolsky, individually, it has no claim against the estate of the partnership. Of course, if after the affairs of the partnership are wound up, if there is any money left after all the creditors of the partnership are paid, those funds would then be distributed to the individual partners. So at best the Committee's interest, if there be any, is contingent, which is insufficient to warrant intervention.

▆ In deciding whether the grant of intervention is proper, the court must consider if undue delay or prejudice to the original parties would result. *See Knapp v. Detroit Leland Hotel Co.,* 153 F.2d 715 (6th Cir.1946). *See also In re Benny, supra; Manufacturer's Trust Company v. Kelby,* 125 F.2d 650 (2d Cir.1942) *cert. denied* 316 U.S. 697, 62 S.Ct. 1293, 86 L.Ed. 1766 (1942) (danger of confusion arising from the presence of too many parties and the possible increases in allowances and costs); *In re Charter Co., supra* (principal consideration is whether intervention will unduly delay or prejudice adjudication of the rights of the original parties; obviously, additional parties take additional time; therefore the court must balance the delay against the advantages of disposition of claims in one proceeding).

▆ Both undue delay and significant unnecessary increases in costs would result if movant were permitted to intervene. The estate would be burdened by the added delay brought by the addition of another party to the proceedings and the extra expense of another law firm's fees to pay without the benefit of a new approach to the problems in this case.

In light of the foregoing, the court finds that it has not been presented with nor can it find a sufficient reason to permit movant, the creditors' committee from the Swolsky individual bankruptcy, to intervene in the Swolsky Harris partnership bankruptcy. It is, therefore

ORDERED that movant's motion to intervene be, and it hereby is, denied.