859 F.2d 922
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Scotty GRUBBS, Plaintiff-Appellant,
v.
Stephen H. NORRIS, et. al., Defendants-Appellees.
 No. 87-6339.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1988.
 
 Before ENGEL, Chief Judge, BOGGS, Circuit Judge, and THOMAS A. BALLANTINE, Jr., District Judge.*
 PER CURIAM.
 
 
 1
 Pro se movant Jaki Akai Mahammad, a member of the plaintiff class in this class action suit over prison conditions, appeals the denial of his motion for contempt against Commissioner of Tennessee Department of Corrections, Stephen H. Norris.
 
 
 2
 On November 6, 1981, a class was certified, consisting of "all persons who are presently or will in the future be committed as adults to the custody of the Tennessee Department of Correction and housed in the Tennessee prison system." After a trial, an order was entered on August 11, 1982, declaring that a range of conditions and practices within the prison system amounted to cruel and unusual punishment.
 
 
 3
 On September 21, 1987, Jaki Akai Mahammad, a prisoner at Brushy Mountain State Penitentiary, filed a motion for contempt against Stephen Norris, Commissioner of the Tennessee Department of Corrections. In his motion, Mahammad alleged various instances of sexual misconduct, denial of medical care, and physical abuse by employees and inmates of the Tennessee State Prison System.
 
 
 4
 Mahammad also makes allegations in his affidavit concerning two specific incidents. The first is that on September 26, 1986, while he was a prisoner at Fort Pillow State Farm, between eight and ten guards assaulted him and broke his hand. The second is that two doctors at Fort Pillow denied Mahammad medical treatment necessary because of the alleged assault. Mahammad claims that he was assaulted and denied medical treatment because of racism among prison officials and allegations that he had raped two prison nurses and solicited sex from another female prison employee. Mahammad admits having sexual relations with the nurses but denies the allegations of rape. He claims that these events denied him his right to due process.
 
 
 5
 None of Mahammad's claims relates to the conditions and practices in the underlying class action or in the district court's August 11, 1982 order.
 
 
 6
 The district court denied the motion for contempt on November 9, 1987, finding that there were no allegations of personal involvement or knowledge on the part of Mr. Norris. The court also found that the motion was "frivolous and malicious and totally without merit so far as Mr. Norris is concerned."
 
 
 7
 On appeal, Mahammad contends that the district court erred in denying the motion for contempt against Commissioner Norris.
 
 
 8
 We decline to reach this issue because we find that as a member of the class litigating against the Tennessee State Prison System, appellant does not have standing to make a motion for contempt in his individual capacity. In order to file a motion for contempt in the class action, Mahammad would need to be granted leave to intervene in the action pursuant to Fed.R.Civ.P. 24(a). To do this, Mahammad must allege that his "interest[s] are [not] adequately represented by existing parties." Fed.R.Civ.P. 24(a).
 
 
 9
 Mahammad has not applied for intervention pursuant to Fed.R.Civ.P. 24(a), nor has he alleged that his interests have not been adequately represented by the class representative. Even though this court regards the pleadings in pro se cases liberally, Joseph v. Patterson, 795 F.2d 549, 551 (6th Cir.1986), Mahammad has not given any reasons to allow his intervention as an individual in the class action. The movant bears the burden of demonstrating inadequate representation, Meyer Goldberg, Inc. v. Goldberg, 717 F.2d 290, 293 (6th Cir.1983), and since Mahammad has not met this burden, we cannot allow intervention. Therefore, appellant Jaki Akai Mahammad has no standing to file a motion for contempt or to appeal the district court's dismissal of this motion. This appeal is dismissed.
 
 
 
 *
 The Honorable Thomas A. Ballantine, Jr., United States District Judge for the Western District of Kentucky, sitting by designation