**In re CVC, INC., d/b/a Cleveland Vibrator, Co., d/b/a Admiral–Record Hydrotech, Debtor.**

**CVC, INC., Plaintiff,**

**v.**

**CONWAY, PATTON & BOUHALL, HR10 BANK ONE, AKRON, N.A., Trustee, et al.**

**Bankruptcy No. B89–1752.**

**Adv. No. B89–0180.**

United States Bankruptcy Court, N.D. Ohio, E.D.

Aug. 1, 1989.

Lawrence E. Oscar, Daniel DeMarco, Hahn Loeser & Parks, Cleveland, Ohio.

Conway, Patton & Bouhall, Cleveland, Ohio, HR10 Bank One, Akron, trustee.

Material Control Engineering c/o James J. Schiller and Susan A. Smith, Porter, Wright, Morris & Arthur, Cleveland, Ohio.

Ronald M. Rubenstein, Sharon Iafelice, Sindell, Rubenstein, Einbund Pavlik, Novak & Celebrezze, Cleveland, Ohio.

Richard J. Breudigam, c/o John J. Sheehan, Jr., Cleveland, Ohio.

**MEMORANDUM OF OPINION AND ORDER**

RANDOLPH BAXTER, Bankruptcy Judge.

The matter before the Court is a Motion of the official Unsecured Creditors' Com-

mittee of CVC, Inc. (Movant) to intervene as party plaintiff in the above-captioned adversary proceeding.

Movant makes reference in its Motion to Bankruptcy Rules 7019 and 7020, the rules for joinder of parties. The Court, however, finds the following statutes and rules more applicable to the case at bar.

The Creditors' Committee as a party in interest whose participation is governed by § 1109 of the Bankruptcy Code. In particular, § 1109(b) provides:

(b) A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

The participation of intervenors in adversary proceedings is governed by Rule 24, Fed.R.Civ.Pro., made applicable to bankruptcy proceedings through Bankr.R. 7024. That Rule states in pertinent part:

Rule 24. Intervention.

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditioned right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Some courts have read § 1109(b) as granting parties in interest an unconditional right to intervene under Rule 24(a)(1), interpreting the reference to "case" in § 1109(b) as applying to adversary proceedings arising in the bankruptcy case. *See Matter of Marin Motor Oil Co.,* 689 F.2d 445, 450–51 (3rd Cir.1982) *cert. denied,* 459 U.S. 1206–07, 103 S.Ct. 1196, 75 L.Ed.2d 440 (1983); *In re D.H. Overmyer Telecasting Co.,* 53 B.R. 963, 975 (N.D.Ohio 1984). A number of other courts have rejected this approach, reasoning that Bankruptcy Rule 2018, applying to cases, and not R.7024 which applies to adversaries, implements § 1109. See *Fuel Oil Supply and Terminaling v. Gulf Oil Corp.,* 762 F.2d 1283, 1285–87 (5th Cir.1985); *In re Terex Corp.,* 53 B.R. 616 (Bankr.N.D.Ohio 1985). *See also 9 Collier on Bankruptcy* ¶ 7024.04 at 7024–3, 4 and Advisory Committee Note on Bankruptcy Rule 7024.

This Court finds the latter reasoning, limiting intervention of right to the standards in R.24(a)(2), to be more persuasive. The Sixth Circuit has stated that the burden to demonstrate inadequate representation is upon the applicant for intervention. *Meyer Goldberg of Lorain v. Goldberg,* 717 F.2d 290 (6th Cir.1983). Where creditors are adequately represented and can show no interest in funds in the hands of the Court, they have no absolute right to intervene. *Aronstam v. James,* 273 F. 545 (E.D.N.Y.1921).

The Third Circuit, in *Delaware Valley Citizens' Council v. Commonwealth of Pennsylvania,* 674 F.2d 970, 973 (3rd Cir. 1982) stated that:

Representation is generally considered adequate if no collusion is shown between the representative and an opposing party, if the representative does not represent an interest adverse to the proposed intervenor and if the representative has been diligent in prosecuting the litigation.

█ The Movant has presented no evidence of collusion. CVC, as Debtor-in-possession, has all the duties of a trustee to actively pursue the assets of the estate for the benefit of the unsecured creditors and

the debtor's fresh start. Because Movant has not demonstrated that its interests are not being adequately represented in this adversary proceeding by the Debtor, Movant does not have a right to intervene under Fed.R.Civ.Pro.24(a)(2).

Permissive intervention under R.24(b) is discretionary with the Court. *See Meyer Goldberg, supra; In re Hyde Park Partnership,* 73 B.R. 194, 196 (Bankr.N.D.Ohio 1986). In exercising its discretion the Court is to consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. In the instant case, the Complaint was filed on June 20, 1989 and, after notice and hearing, the Complaint to sell was granted without objections on July 27, 1989. Movant was represented by counsel at the hearing. A report of sale has been scheduled for August 17, 1989. To allow Movant to intervene at this late date would result in undue delay, prejudice to the rights of the original parties to the litigation and increased cost to the estate. The Committee can continue to monitor the litigation to assure that its interests are protected without the necessity of according it plaintiff status. *See,* e.g., *In re Fidelity American Financial Corp.,* 43 B.R. 74 (Bankr.E.D.Pa. 1984).

Accordingly, the motion of the Committee for intervention in this adversary proceeding is denied.

IT IS SO ORDERED.