No. 96-1066

Mrs. Binh Chiglo; J & B, Inc.  *
a Minnesota corporation; Mary   *
Moore,                          *
                                *
     Plaintiffs - Appellees,    *
                                *
     v.                         *  Appeal from the United States
                                *  District Court for the
City of Preston, a municipal    *  District of Minnesota.
corporation;                    *
                                *
     Defendant,                 *
                                *
Mike Sveen; Steve Corson; Brent *
Larson; Jeff Fleming,           *
                                *
     Movants - Appellants.      *


                 Submitted:  July 12, 1996

                    Filed:  January 6, 1997


Before WOLLMAN, JOHN R. GIBSON, and HANSEN, Circuit Judges.


JOHN R. GIBSON, Circuit Judge.


     Mike Sveen and three other citizens[1] of Preston, Minnesota appeal
from the district court's[2] order denying their motion to intervene as
defendants, so that they could appeal the judgment entered against Preston,
declaring Preston's tobacco advertising ordinance to be preempted by the
Federal Cigarette Labeling and Advertising Act.  The district court ruled
that Sveen and the

---

[1]Steve Corson, Brent Larson, and Jeff Fleming.

[2]The Honorable Paul A. Magnuson, Chief Judge, United States
District Court for the District of Minnesota.

others had not shown that they had a legally protectable interest at stake in the litigation and therefore were not entitled to intervene under Federal Rule of Civil Procedure 24(a). Because we conclude that they have not rebutted the presumption that the city government adequately represents their interests as citizens, we affirm the district court's ruling.

In 1994 the City of Preston adopted Ordinance No. 213, which regulates tobacco advertising in shops that offer tobacco products for sale. The announced purpose of the ordinance was to protect children under the age of eighteen from being influenced to use tobacco. The ordinance limited shops to the use of "tombstone signs" to advertise tobacco and imposed restrictions on the size, content, and appearance of such signs, as well as the number of signs a merchant could display.

Binh Chiglo is a merchant who is affected by the restrictions in Ordinance No. 213. She, her company, and her employee brought suit challenging the ordinance on the grounds that it was preempted by federal law and that it violated their First Amendment rights. The district court entered summary judgment for Chiglo, holding that Ordinance No. 213 was preempted by the Federal Cigarette Labeling and Advertising Act. The City did not appeal the judgment.

Sveen and the others filed a motion to intervene as defendants, stating that they had an interest in the enforcement of Ordinance No. 213, and that the City of Preston had failed to protect their interest because it neglected to file a timely appeal. (Sveen and the others filed a timely protective appeal). They filed affidavits in support of their motions stating that they were parents, and that they believed the ordinance was desirable to protect children from the inducements of tobacco advertising. They simply stated without elaboration that in the City Council meeting to consider appealing the ruling, one of the proposed intervenors

-2-

had moved to appeal the ruling, but that his motion had received no second. The proposed intervenors did not explain why the City had failed to appeal the ruling, though perhaps there was an implicit explanation in the statement that there had been a City Council election between the time the ordinance was adopted and the time of the Council meeting, in which the Council had received two new members.

The district court denied the motion to intervene, saying that the proposed intervenors had not proven that they had a legally protectable interest at stake in the litigation, since the only interest they claimed was the interest in protecting minors from tobacco advertising, which was an interest that they shared with the rest of the public.

The proposed intervenors appeal, arguing that they have established all the prerequisites for intervention as of right under Federal Rule of Civil Procedure 24(a)(2).

Under Rule 24(a)(2), a person is entitled to intervene as of right if: (1) he has a cognizable interest in the subject matter of the litigation; (2) the interest may be impaired as a result of the litigation; and (3) the interest is not adequately protected by the existing parties to the litigation. See United States v. Union Elec. Co., 64 F.3d 1152, 1160 (8th Cir. 1995). The intervenor must satisfy all three parts of the test. The motion to intervene must also be timely. See id. at 1158-59. We review de novo the district court's determination of the three-factor test, but the timeliness determination we review for abuse of discretion. See id. at 1158.

The district court held that the proposed intervenors demonstrated no cognizable interest, because their only announced aim was to serve the public interest in avoiding tobacco use by children. The court stated, "Merely expressing a generalized

interest in the public benefits of the ordinance does not constitute a legally protected interest." We consider this analysis to fit more neatly under the rubric of adequacy of representation, but we, like the district court, conclude that the proposed intervenors' motion must fail because they did not show any way in which their interests diverged from the public interest.

The intervenor bears the burden of showing that his interests are not adequately represented by existing parties. See Union Elec., 64 F.3d at 1168. This burden is ordinarily minimal, see id., but if an existing party to the suit is charged with the responsibility of representing the intervenor's interests, a presumption of adequate representation arises. See id. at 1168-69. When one of the parties is an arm or agency of the government, acting in a matter of sovereign interest, the governmental entity is presumed to represent the interests of its citizens as parens patriae, or "parent of the country." See Mausolf v. Babbitt, 85 F.3d 1295, 1303 (8th Cir. 1996).

However, the government only represents the citizen to the extent his interests coincide with the public interest. If the citizen stands to gain or lose from the litigation in a way different from the public at large, the parens patriae would not be expected to represent him. See Mausolf, 85 F.3d at 1303-04. For instance, in Mille Lacs Band of Indians v. Minnesota, 989 F.2d 994, 1001 (8th Cir. 1993), certain landowners were allowed to intervene in a case to protect fish and game in the state of Minnesota, despite the fact that the state was already a party to the suit and was representing the public in protecting the state's fish and game. This court held that the landowners' interests were not represented by the parens patriae because, in addition to the interest the public shares in game preservation, the landowners had property whose value might be affected by fish and game depletion. Since the landowners would be affected by the litigation more severely than the public at large, the state's representation of

-4-

the public interest was not sufficient to protect the landowners' interests.  Id.

If the intervenor's only interest in the suit is shared in common with the public, the citizen must rebut the presumption of adequate representation by the parens patriae.  The proposed intervenor may rebut this presumption, among other ways, by showing that the parens patriae has committed misfeasance or nonfeasance in protecting the public.  In Mausolf, an environmental group sought to intervene in litigation between the federal government and a snowmobilers' association concerning recreational use of snowmobiles in a national park.  85 F.3d at 1296.  The environmental group contended that the government was less than vigilant about protecting the public's interest in conservation of the park lands.  The environmental group was able to back up its claim with evidence that the government had waived and failed to enforce regulations against snowmobile use in the park, and that it had disregarded a statutory mandate to make a wilderness recommendation for the park.  See id. at 1303.  We held the environmental group was not adequately represented by the government and therefore was entitled to intervene.  See id. at 1304.

Absent this sort of clear dereliction of duty, however, the proposed intervenor cannot rebut the presumption of representation by merely disagreeing with the litigation strategy or objectives of the party representing him.  For instance, in Jenkins v. Missouri, 78 F.3d 1270, 1275-76 (8th Cir. 1996), class members' disagreement with the class representatives over the desirability of certain remedial programs was not sufficient to show inadequate representation.  Accord Trahan v. Lafayette Parish Sch. Bd., 616 F. Supp. 220, 223 (W.D. La. 1985).

In this case, the proposed intervenors claim that they want to intervene to protect children from smoking.  This concern falls

squarely within the City's interest in protecting public health, particularly since it is illegal for minors to use tobacco in Minnesota. Therefore, the proposed intervenors have articulated an interest that coincides with the City's role as protector of its citizens. The intervenors have made no effort to rebut the presumption of adequate representation except to say that the City failed to appeal the ruling invalidating Ordinance No. 213.

The question before us then, is whether the City's failure to appeal the ruling is the sort of nonfeasance that would render the City's representation of the public inadequate.

We conclude that the proposed intervenors must show something more than mere failure to appeal. "`Even a decision not to take an appeal is ordinarily within the discretion of the representative, though in unusual cases this may show inadequate representation.'" Triax Co. v. TRW, Inc., 724 F.2d 1224, 1228 (6th Cir. 1984) (quoting 7A C. Wright & A. Miller, Federal Practice and Procedure § 1909 at 532 (1972), now found at 7C C. Wright, A. Miller & M. K. Kane, Federal Practice and Procedure § 1909 at 344-345 (1986)). Accord Orange Environment, Inc. v. County of Orange, 817 F. Supp. 1051, 1060-62 (S.D.N.Y.), aff'd, 2 F.3d 1235 (2d Cir. 1993); Cuyahoga Valley Ry. Co. v. Tracy, 6 F.3d 389, 396 (6th Cir. 1993); United States v. City of Chicago, 897 F.2d 243, 244 (7th Cir. 1990). Admittedly, failure to appeal, combined with diverging interests between the representative and the proposed intervenor, is surely enough to warrant intervention. See Triax, 724 F.2d at 1228. There are certainly other situations in which failure to appeal will be a key factor in showing a need for intervention. See, e.g., Meek v. Metropolitan Dade Cty., 985 F.2d 1471, 1478 n.2 (11th Cir. 1993); Yniquez v. Arizona, 939 F.2d 727, 730, 737 (9th Cir. 1991) (governor failed to appeal from judgment invalidating initiative measure; governor had previously expressed political opposition to the measure). See generally Smuck v. Hobson, 408 F.2d 175, 181 (D.C. Cir. 1969) (en banc) ("[A] failure to appeal

may be one factor in deciding whether representation by existing parties is adequate."); <u>Nuesse v. Camp</u>, 385 F.2d 694, 704 n.10 (D.C. Cir. 1967).


We will not attempt to catalog the possible factors which could combine with failure to appeal to effectively rebut the presumption of adequate representation. It is sufficient to say that in this case the proposed intervenors make absolutely no showing of any factor other than the failure to appeal. Moreover, the City would face significant legal obstacles in seeking a reversal of the district court's preemption ruling. <u>See</u> <u>generally</u> 15 U.S.C. § 1334(b) (1994); <u>Cippollone v. Liggett Group, Inc.</u>, 505 U.S. 504 (1992); <u>Vango Media, Inc. v. City of New York</u>, 34 F.3d 68 (2d Cir. 1994). We conclude that the proposed intervenors have fallen short of carrying their burden of proof.


Accordingly, we affirm the district court's denial of the motion to intervene as of right.


A true copy.


Attest:


CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-7-