JOURNAL ENTRY AND OPINION
Richard Davet, a taxpayer in the City of Beachwood and spokesperson for the Taxpayers Coalition of Beachwood, appeals from a judgment of the common pleas court denying his motion to intervene in this case alleging the court abused its discretion by denying intervention because he asserts the city failed to sufficiently represent his interests in its efforts to recover public monies illegally expended or received by contractors and public officials. The city urges the court properly denied the motion both because a settlement had been made with all defendants except for Dale Davis, the City Finance Director, prior to the time Davet filed his motion and that following denial of Davet's motion, it settled with Davis, and therefore this appeal is now moot. After reviewing the facts in this case, we conclude the court did not abuse its discretion and therefore affirm the judgment of the court.
The record before us reveals the City of Beachwood sued to recover public monies illegally expended or received by various contractors or former city officials. The record further reveals the State Auditor conducted an audit and investigated payments made by the city to various contractors for the period commencing January 1, 1992 through December 31, 1994. As a result of this investigation, a number of contractors and former city officials have been indicted. On December 29, 1995, the State Auditor certified findings of recovery against ten individuals or entities who had been either city contractors or former city officials. These findings represented funds paid for work not performed, equipment not rented, and/or services not rendered. On April 22, 1996, the City of Beachwood sued to recover public monies illegally expended or received by various contractors or former city officials. Specifically, it sought judgments against Calabrese, Calabrese Construction, Davis, Tyrpak and Western Reserve Engineering and Surveying Company, jointly and severally, in the amount of $1,700,205.51, less $573,091.29 previously recovered from other defendants; $1,261,390.52 in compensatory and $3,600,000 in punitive damages; and $1,700,205.51 in compensatory and $3,600,000 in treble damages.
More than two years later, on August 20, 1998, Davet filed a motion to intervene in this litigation. At the time he filed his motion, the city had finalized settlements with every defendant except Davis. Following the court's denial of the motion on August 28, 1998, the city approved a settlement with Davis. Davet now appeals the court's judgment denying his motion and sets forth the following assignment of error for our review, which states:
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO INTERVENE DUE TO THE FACT THAT, AS AN ELECTOR, PROPERTY OWNER AND TAXPAYER OF THE CITY OF BEACHWOOD, APPELLANT HAS AN OHIO CONSTITUTIONAL RIGHT UNDER SECTION 16 TO INTERVENE AS PLAINTIFF IN THE SUBJECT TRIAL COURT CASE FOR THE PURPOSE OF ASSERTING AND PROTECTING HIS CLAIM OF EQUITY IN THE CASE.
Davet argues the court abused its discretion when it denied his motion to intervene because the city failed to sufficiently represent his interests in the underlying action. The city maintains the court did not abuse its discretion because at the time Davet attempted to intervene, settlement had been reached with all but one defendant.
The issue presented for our review, then, concerns whether the court abused its discretion when it denied Davet's motion to intervene.
Initially, we recognize the decision of whether or not to grant a motion to intervene is one left to the sound discretion of the trial court. In the case of In re Stapler (1995), 107 Ohio App.3d 528, this court stated:
 A decision whether to grant or deny a motion to intervene is left to the sound discretion of the trial court. Absent a showing that the trial court abused its discretion, a reviewing court will not reverse the trial court's decision. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. (Citations omitted.)
Further, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. See Freeman v. Crown City Mining, Inc. (1993),90 Ohio App.3d 546. Instead, a reviewing court should be guided by a presumption that the trial court had been correct. See State v.Coppock (1995), 103 Ohio App.3d 405.
Substantively, we turn to Civ.R. 24, which allows a party to intervene and states:
(A) Intervention of right
 Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute * * * confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
(B) Permissive Intervention
 Upon timely application anyone may be permitted to intervene in an action: (1) when a statute * * * confers an unconditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. * * *
(C) Procedure
 * * * The motion and any supporting memorandum shall state the grounds for intervention and shall * * * [set] forth the claim or defense for which intervention is sought.
The court in State ex rel. First New Shiloh Baptist Church v.Meagher (1998), 82 Ohio St.3d 501 stated:
 Whether a Civ.R. 24 motion to intervene is timely depends on the facts and circumstances of the case. (citations omitted)
Additionally, the Ohio Supreme Court in First New Shiloh has cited with approval this test from Triax Co. v. TRW, Inc. (C.A. 6, 1984),724 F.2d 1224:
 The following factors are considered in determining timeliness: (1) the point to which the suit had progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.
In his motion to intervene, Davet stated in part:
 The purpose for this Motion is to assert Richard F. Davet's right to intervene in this case on behalf of himself and on behalf of other taxpaying electors in the City of Beachwood. * * * Rather, the Movant asserts that the Plaintiff City of Beachwood is not diligently proceeding to protect the public interest in the instant case and that the City has failed to assert its full legal claim against the Defendants in this lawsuit. Further, Movant believes the Plaintiff, City of Beachwood, is not acting in good faith.
Our review of the record, in connection with the Triax Co.
factors, demonstrates first, prior to the time Davet filed his motion to intervene, the city had reached a settlement agreement with all defendants except Davis, and that, after the court denied the motion, the city settled with Davis; second, Davet sought intervention on behalf of himself and other Beachwood taxpayers asserting the city did not act in good faith and did not diligently proceed to protect the public interest; third, although the city had filed its complaint in April 1996, Davet waited until August 1998 to seek intervention; fourth, the fact that most claims had been resolved at the time Davet filed his motion demonstrates substantial prejudice to the parties to the lawsuit had the court reopened the matter, and finally, the absence of any unusual circumstances militating in favor of intervention. Based on our consideration of these factors, we have concluded Davet failed to timely file the motion to intervene in contravention of Civ.R. 24.
Davet's claim to intervene as of right arises when, upon timely application, a statute confers an unconditional right to intervene or when he claims an interest relating to the property or transaction that is the subject of the action and disposition of the action may impair his ability to protect his interest, unlesshis interest is adequately represented by existing parties. See Civ.R. 24(A).
Alternatively, Davet's right arises by way of permissive intervention when, upon timely application, a statute confers an unconditional right to intervene or when his claim or defense and the main action have a question of law or fact in common. See Civ.R. 24(B).
In this instance, R.C. 733.59, states in relevant part:
 If the village solicitor or city director of law fails, upon written request of any taxpayer of the municipal corporation, to make any application provided for in section 733.56 to 733.58
* * * the taxpayer may institute suit in his own name, on behalf of the municipal corporation. * * *
A taxpayer's right to file suit pursuant to this section arises only upon the failure of a city law director to respond to the written request of a taxpayer. Here, because the law director of Beachwood had already filed suit to recover public monies illegally expended or received by various defendants and had settled with all but one defendant at the time Davet filed his motion, he has no right to intervene. Therefore, we have concluded the trial court did not abuse its discretion in denying Davet's motion to intervene. Accordingly, this assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, J., and KENNETH A. ROCCO, J., CONCUR.
 ___________________________________ PRESIDING JUDGE TERRENCE O'DONNELL