**In re ENVIRONMENTAL ELECTRONICS SYSTEMS, INC., Debtor,**

**Ben C. ABNEY, Trustee, and Citizens and Southern Emory Bank, Plaintiffs,**

**v.**

**I.T.T. DIVERSIFIED CREDIT CORPORATION, Defendant.**

**Bankruptcy No. B79–1377A.**

United States Bankruptcy Court, N. D. Georgia, Atlanta Division.

June 25, 1981.

John J. Goger, Arrington, Rubin, Winter, Krischer & Goger, P.C., Atlanta, Ga., for John J. Goger.

James A. Stanfield, Johnson, Ward, Stanfield, Lanham & Carr, Atlanta, Ga., for ITT Diversified Credit Corp.

## ORDER

HUGH ROBINSON, Bankruptcy Judge.

This matter comes before the Court on "Motion for Leave to Intervene" filed by John J. Goger as trustee in bankruptcy for the estate of Dirty Don's P.A. Palace, Inc. Having considered the motion and the briefs submitted by the parties the Court makes the following decision.

## FINDINGS OF FACT

Benjamin C. Abney, ("Trustee"), trustee for the estate of Environmental Electronics Systems, Inc., ("the Debtor"), commenced the above-styled adversary proceeding to sell property free and clear of liens on August 15, 1979. The Trustee desires to sell certain inventory and equipment which belongs to the Debtor. Defendant I.T.T. Diversified Credit Corp., ("I.T.T."), claims a security in the inventory and proceeds obtained therefrom. It is contended by the Trustee that said security interest is voidable under Sections 60(b) and 67(a) of the Bankruptcy Act.

Citizens and Southern Emory Bank, ("C & S"), was allowed to intervene as a party plaintiff in this proceeding. C & S claims a security interest in the inventory and proceeds in which I.T.T. claims an interest. It is alleged by C & S that the security interest of I.T.T. was not properly perfected. C & S further contends that the lien of I.T.T. is voidable under Section 60(b) of the Bankruptcy Act.

John J. Goger, ("Movant"), is the trustee in bankruptcy for the estate of Dirty Don's P.A. Palace, Inc., ("Dirty Don's"). Dirty Don's guaranteed the Debtor's indebtedness to C & S. On December 4, 1980 Movant filed a motion for leave to intervene in this adversary proceeding. Movant claims an interest in this action for the reason that the outcome will affect the amount of the claim of C & S against the estate of Dirty Don's. It is also argued that as trustee for Dirty Don's estate, Movant has standing to protect, preserve and otherwise define the order of payment of the estate's assets to and for the benefit of Dirty Don's creditors.

Movant's motion to intervene has been opposed by ITT. It is argued by ITT that Movant has no standing to intervene in this proceeding. ITT further contends that the Court is capable of making a determination of the merits of the Trustee's complaint without the benefit of Movant's arguments.

## APPLICABLE LAW

Intervention is governed by Rule 24 of the F.R. of Civ.P. made applicable to bankruptcy proceedings by Rule 724 of the Bankruptcy Rules. Movant does not state whether he seeks to intervene permissively or as of right, therefore it is necessary to address both forms of intervention.

■ Intervention of right is governed by subsection (a) of Rule 24 of the F.R.Civ.P. To intervene in an action as a matter of right a party must show: (1) a timely application; (2) an interest relating to the property or transaction that is the subject of the action; (3) the danger that such interest will be impaired; and (4) the inadequacy of representation of his interest. *Cohn v. Equal Employment Opportunity Commission,* 569 F.2d 909 (5th Cir. 1978). If any one of these four requirements is not met, intervention of right cannot be allowed. *International Tank Terminals, Ltd. v. M/V Acadia Forest,* 579 F.2d 964 (5th Cir. 1978).

■ The question of timeliness is a matter within the discretion of the trial court and is determined from all of the circumstances of the case. *United States v. United States Steel Corporation,* 548 F.2d 1232 (5th Cir. 1977). This adversary proceeding was commenced on August 15, 1979. Movant's motion for leave to intervene was filed on December 4, 1980. Although the motion was filed over a year after the initiation of this action, it does not appear that intervention will prejudice any parties to this proceeding for no decision on the merits has been rendered. Accordingly, the Court concludes that Movant's motion for leave to intervene was timely filed.

■ In order to intervene as a matter of right the intervening party must have an interest relating to the property or transac-

tion that is the subject of the action. Although there is no clear cut test to determine the nature of the interest required for intervention of right, the Fifth Circuit has held that intervention requires a direct, substantial, legally protectable interest in the proceedings. *United States v. Perry County Board of Education,* 567 F.2d 277 (5th Cir. 1978). In *Diaz v. The Southern Drilling Corporation,* 427 F.2d 1118, 1124 (5th Cir. 1970) cert. denied sub. nom. *Trefina, A.G. v. United States,* 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970), the Court said:

> "We do not believe, however, that the interest has to be of a legal nature identical to that of the claims asserted in the main action, as appellants seem to suggest. All that is required by the terms of the rule is an interest in the property or other rights that are at issue, provided the other elements of intervention are present."

However, the mere existence of a third person's contingent interest in the outcome of pending litigation is insufficient to warrant intervention of right. *Kheel v. American Steamship Owners Mutual Protection and Indemnity Association,* 45 F.R.D. 281 (S.D.N.Y.1968). See also *Hawaii-Pacific Venture Capital Corporation v. Rothbard,* 564 F.2d 1343 (9th Cir. 1977).

Movant contends that if C & S prevails in this proceeding its claim against the estate of Dirty Don's would be considerably diminished, if not extinguished, for C & S could seek the satisfaction of its claim through the sale of the Debtor's inventory. However, if C & S does not prevail, the assets of Dirty Don's will be exposed to the claim of C & S due to Dirty Don's guarantee of the Debtor's indebtedness. It is clear that Movant's interest in this proceeding consists of a third person's contingent interest in the outcome of litigation. As this interest is not sufficient to warrant intervention of right the Court concludes that intervention may not be allowed under Rule 24(a) of the F.R.Civ.P.

■ Rule 24(b)(2) of the F.R.Civ.P. provides for permissive intervention when an applicant's claim or defense and the main action have a question of law or fact in common. The determination of whether permissive intervention is proper in a case is a two-step process. It must first be determined whether the applicant's claim or defense and the main action share common questions of law or fact. If this requirement is fulfilled the court must exercise its discretion in determining whether intervention should be allowed. *Stallworth v. Monsanto Company,* 558 F.2d 257 (5th Cir. 1977). It was said by the Supreme Court in *Securities and Exchange Commission v. United States Realty and Improvement Co.,* 310 U.S. 434, 459, 60 S.Ct. 1044, 1055, 84 L.Ed. 1293 (1939), "This provision [Rule 24(b)(2)] plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation." Thus the claim or defense clause of Rule 24(b)(2) is generally given a liberal construction. *Stallworth v. Monsanto, supra; In Re: Estelle,* 516 F.2d 480 (5th Cir. 1975). However, the intervening party must demonstrate more than a general interest in the subject matter of the litigation before permissive intervention is allowed. *Alexander v. Hall,* 64 F.R.D. 152 (D.S.C. 1974). It was said in *Liberty Mutual Insurance Company v. Pacific Indemnity Company,* 76 F.R.D. 656, 660 (W.D.Pa.1977):

> "To intervene under Rule 24(b), the movant must have a 'claim or defense' against the defendants with questions of fact or law in common with the main action-not just a general interest in its subject matter or outcome, see 3B *Moores Federal Practice* ¶ 24.10[2] at p. 24–352 [1977]."

■ In the instant case Movant has not asserted a claim or defense against ITT which has questions of law or fact in common with the main action. He has only asserted an interest in the outcome of this case. Accordingly, the Court concludes that permissive intervention is not appropriate in this case and should not be allowed.

## CONCLUSIONS OF LAW

1. Movant does not have an interest relating to the transaction that is the subject

of this action sufficient to warrant intervention as a matter of right.

2. Movant has not asserted a claim or defense against ITT which has questions of law or fact in common with the main action. Therefore permissive intervention is inappropriate in this case and should not be allowed. It is therefore

ORDERED that Movant's motion for leave to intervene shall be and same is hereby denied.