In re MEGAN–RACINE ASSOCIATES, INC., Debtor.

MEGAN–RACINE ASSOCIATES, INC., Plaintiff,

v.

NIAGARA MOHAWK POWER CORPORATION, Defendant.

NIAGARA MOHAWK POWER CORPORATION, Plaintiff,

v.

MEGAN–RACINE ASSOCIATES, INC. and the Federal Deposit Insurance Corporation, as Receiver for the New Bank of New England, Defendants.

FEDERAL DEPOSIT INSURANCE CORP. in its capacity as Receiver of New Bank of New England, N.A., Plaintiff,

v.

HUDSON ENGINEERING CORP. and Megan–Racine Associates, Inc., Defendant.

Bankruptcy No. 92–00860.
Adv. Nos. 94–70112A, 94–70113A and 93–70055A.

United States Bankruptcy Court, N.D. New York.

Oct. 28, 1994.

688

Menter, Rudin & Trivelpiece, P.C. (Jeffrey Dove, of counsel), Syracuse, NY, for debtor.

House, Golden, Kingsmill & Reiss (Marguerite Kingsmill, W. Richard House, Jr., of counsel), New Orleans, LA, Bond, Schoeneck & King (James Dati, of counsel), Syracuse, NY, for Hudson Engineering.

Harold Goldberg, Syracuse, NY, for Creditors Committee.

Bingham, Dana & Gould (Sabin Willett, of counsel), Boston, MA, for F.D.I.C.

Michael Collins, Office of U.S. Trustee, Utica, NY.

Swidler & Berlin, Chartered (Michael L. Shor, of counsel), Washington, DC, for Niagara Mohawk.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Chief Judge.

The within motions presently before the Court were filed on September 23, 1994, by Hudson Engineering Corporation ("Hudson"). Hudson seeks to consolidate adversary proceedings 93–70055A, 94–70113A, and 94–70112A, pending before this Court pursuant to Federal Rule of Civil Procedure ("Fed. R.Civ.P.") 42(a), as made applicable to adversary proceedings in this Court by Federal Rule of Bankruptcy Procedure ("Fed. R.Bankr.P.") 7042. In the alternative, Hudson seeks to intervene in adversary proceedings 94–70113A and 94–70112A pursuant to § 1109(b) of the Bankruptcy Code (11 U.S.C. §§ 101–1330) ("Code") or pursuant to Fed. R.Civ.P. 24, as made applicable herein by Fed.R.Bankr.P. 7024. The motion is opposed by Megan–Racine Associates, Inc. ("Debtor"), Federal Deposit Insurance Corporation ("FDIC"), and Niagara Mohawk Power Corporation ("Niagara Mohawk").

The motions appeared on the Court's regular motion calendar in Syracuse, New York on October 4, 1994, and was adjourned to October 19, 1994. The motions were submitted for decision as of the latter date.

### JURISDICTIONAL STATEMENT

The Court has core jurisdiction of these adversary proceedings pursuant to 28 U.S.C. §§ 1334(b), 157(a), (b)(1), (b)(2)(A) and (B).

### FACTS

Debtor is a corporation engaged in the business of developing, building and operating a 49–megawatt cogeneration facility ("Facility") located at Canton, New York. Debtor's current business consists of the production and sale of both steam and electrical power. On March 17, 1992, Debtor filed a voluntary petition for reorganization under Chapter 11 of the Code.

Debtor contends that it entered into a power purchase agreement ("PPA") with Niagara Mohawk on November 21, 1987. Allegedly, on or about May 9, 1989, Debtor and Hudson entered into a contract ("EPC") which required Hudson to construct Debtor's Facility, upon Debtor obtaining the necessary construction financing. Debtor alleges that on or about September 7, 1989, Debtor entered into a construction financing agreement with New Bank of New England, N.A. ("NBNE"). Allegedly, as collateral security for the construction financing agreement between Debtor and the NBNE, Debtor assigned the PPA, with Niagara Mohawk's consent, to the Bank. Debtor alleges that construction of the facility commenced in mid-September 1989.

On or about April 8, 1993, FDIC, as receiver of the NBNE, commenced adversary proceeding 93–70055A against Hudson and Debtor ("FDIC proceeding"). The FDIC proceeding seeks a declaratory judgment that it has a valid secured claim against Debtor and that FDIC is not subject to equitable subordination. Hudson filed a compulsory counterclaim, which alleged that FDIC's claim should be subject to equitable subordination. Hudson also filed a cross-claim against Debtor alleging that Debtor breached the EPC contract and seeking damages in the approximate amount of $24 million.

On June 29, 1994, Niagara Mohawk filed adversary proceeding 94–70113A ("Niagara Mohawk proceeding") against Debtor and FDIC. Niagara Mohawk alleges that during 1991, Debtor's Facility fell below the qualified facility ("QF") standards set forth in the PPA. Niagara Mohawk alleges that Debtor refused to disclose material facts pertaining to its QF status and that the PPA would have been declared null and void upon the determination that the Facility was not a QF. Niagara Mohawk seeks to cancel the PPA and recover damages of $30 million from Debtor. Niagara Mohawk also alleges that

690

FDIC intentionally concealed material facts relating to the Facility.

On July 29, 1994, Debtor initiated adversary proceeding 94–70112A ("Debtor proceeding") against Niagara Mohawk. Debtor's proceeding seeks a judgment that the PPA is not null and void and that Debtor is not liable for damages to Niagara Mohawk. Debtor also filed a motion to assume the PPA.

## ARGUMENTS

Hudson offers four arguments in support of its motions to consolidate or, in the alternative, intervene. First, Hudson asserts that full and complete relief can be best afforded by consolidating FDIC's, Debtor's and Niagara Mohawk's adversary proceedings pursuant to Fed.R.Civ.P. 42(a). Hudson argues that the proceedings involve common issues of law and fact concerning the construction and operation of the Facility. In addition, Hudson argues that there is a common question of whether FDIC acted fraudulently in connection with efforts to control Debtor and the Facility.

Niagara Mohawk argues that consolidation should be denied because there are no common issues of law and fact. Debtor and FDIC, while admitting that there may be some common issues, argue that the common questions do not predominate the proceedings. Niagara Mohawk, Debtor and FDIC assert that consolidation will only lead to delays and confusion because of the complexity of the EPC issues present in the Hudson proceeding. The increased costs of a consolidated proceeding will burden the estate and prejudice the parties. Debtor and FDIC also assert that the proceedings involving the PPA are central to Debtor's reorganization efforts and should be resolved first. Debtor and FDIC assert that Hudson's dispute with FDIC and Debtor may become academic if the PPA is determined to be null and void.

Hudson's second argument is that absent consolidation, Hudson can intervene as of right in Debtor's and Niagara Mohawk's proceedings pursuant to Code § 1109(b). Hudson asserts that as a party in interest it has an absolute right to intervene in adversary proceedings.

Niagara Mohawk argues that Code § 1109(b) does not grant Hudson an absolute right to intervene in adversary proceedings. Niagara Mohawk asserts Fed.R.Civ.P. 24(a)(2) sets forth the standards for intervention as of right.

Hudson's third argument in support of its motions is that regardless of whether the Court treats Code § 1109(b) as a basis for intervention, Hudson can intervene as of right pursuant to Fed.R.Civ.P. 24(a)(2).[1] Hudson contends that it has satisfied the conditions of Fed.R.Civ.P. 24(a)(2) inasmuch as: (1) Hudson's application to intervene is timely; (2) Hudson has a significant interest in the proceedings because there are claims alleged against Hudson by Debtor and that as a creditor of the estate, Hudson wants Debtor to assert all of its rights in defending the validity of the PPA and thereby sustain the reorganization effort; (3) the disposition of Debtor's and Niagara Mohawk's proceedings will impair or impede Hudson's ability to protect its interests; and (4) no other party can fairly represent Hudson's interest in the proceedings.

Niagara Mohawk, Debtor, and FDIC argue that Hudson does not satisfy the requirements of Fed.R.Civ.P. 24(a)(2). Niagara Mohawk and Debtor assert that Hudson does not have a protectable interest in the PPA disputes. FDIC offers the additional argument that Hudson will not be impaired or impeded by the disposition of Debtor's and Niagara Mohawk's proceedings because as a nonparty to the proceedings, *res judicata* and collateral estoppel cannot bind Hudson. Debtor also argues that Hudson has not demonstrated that its interests cannot be fairly represented by existing parties to the proceedings.

Hudson's fourth argument is that permissive intervention pursuant to Fed.R.Civ.P. 24(b) is an appropriate remedy. Hudson asserts that intervention will not unduly delay

1. Although arguing that it satisfies the requirements of Fed.R.Civ.P. 24(a)(2), Hudson fails to particularize the rule in its moving papers.

or prejudice the rights of the original parties. In addition, intervention by leave of court is appropriate because there are common issues of law and fact between the proceedings.

Niagara Mohawk, Debtor, and FDIC argue that if any common issues of law and fact exist, they do not predominate the proceedings. Further, to allow Hudson to intervene will prejudice the parties by causing undue delay and costs.

## DISCUSSION

■■■ In determining whether to grant Hudson's motions to consolidate the adversary proceedings, the Court must direct its attention to Fed.R.Civ.P. 42(a). *See* Fed. R.Bankr.P. 7042 and 9014. The Court of Appeals for the Second Circuit has held that Fed.R.Civ.P. 42(a) empowers a trial judge to consolidate actions when there are common questions of law or fact. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2nd Cir.1990) (citations omitted).

■■■ The trial court has broad discretion to determine whether consolidation is appropriate. *Id.* at 1284. The Second Circuit concluded that among the factors the trial court must consider are the risk of inconsistent adjudications of common factual and legal issues, the burden on parties and witnesses, available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one and the relative expense to all concerned of the single trial, multiple trial alternatives. *Id.* at 1285. However, the *Johnson* court admonished that "considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial." *Id.* Thus, when a party opposing the motion to consolidate demonstrates prejudice that is sufficiently substantial, the motion will be defeated. *Rio Energy Intern., Inc. v. Hilton Oil Transport*, 776 F.Supp. 120, 122 (S.D.N.Y.1991).

The Court has examined the moving papers and their responses in Niagara Mohawk's, Debtor's, and FDIC's adversary proceedings. As no party objects to the consolidation of Niagara Mohawk's and Debtor's proceedings, the Court orders their consolidation.[2] The Court denies the request to consolidate FDIC's proceeding with Debtor's and Niagara Mohawk's proceedings. The Court concedes that there are some common issues of fact among the three adversary proceedings; however, FDIC's proceeding is not inextricably intertwined with Debtor's and Niagara Mohawk's proceedings.

FDIC's proceeding involves a determination of Hudson's and Debtor's rights and liabilities pursuant to the EPC contract. This will require, in part, a resolution of whether the Facility was constructed and operated in accordance with the performance test requirements of the EPC contract. *See* Section 8(a)(iv) of Amended and Restated Engineering Procurement and Construction Contract (EPC). Similarly, Debtor's and Niagara Mohawk's adversary proceedings require a resolution of whether the Facility operated pursuant to QF standards during 1991, 1992 and 1993. *See* Niagara Mohawk's Complaint for Declaratory Judgment and Damages, Adversary Proceeding 94–70113A ¶ 2 and ¶ 67. The Court also recognizes that both Hudson's and Niagara Mohawk's adversary proceedings allege that the FDIC acted fraudulently in connection with Debtor.

Notwithstanding that there are common issues of law and fact, this Court must also consider the other factors outlined by the *Johnson* court.

Arguably, the resolution of whether the PPA is null and void will determine whether a successful reorganization of Debtor is possible. The Court must direct its attention to the threshold issue of whether the PPA is enforceable and avoid being sidetracked by complex EPC issues which are present in the FDIC proceeding. The Court finds that consolidating FDIC's proceeding which involves the construction litigation with Debtor's and Niagara Mohawk's proceedings will likely cause delay and confusion.

2. On October 19, 1994, Debtor, FDIC, and Niagara Mohawk submitted a proposed Joint Stipulated Order of Consolidation and Pretrial Order ("Joint Order"). The Joint Order, in pertinent part, seeks to consolidate Debtor's and Niagara Mohawk's proceedings, with Niagara Mohawk's proceeding being the surviving action. The Court approves the Joint Order.

Consolidation will most likely lead to the litigation of EPC issues and will not economize judicial resources or the resources of the parties. The Court notes that costs and delays resulting from a consolidated proceeding would prejudice Debtor's estate, FDIC and Niagara Mohawk. As such, non-consolidation will best comport with the spirit of the Bankruptcy Rules which mandate that they "be construed to secure the just, speedy, and inexpensive determination of every case and proceeding." Fed.R.Bankr.P. 1001.

As an alternate theory of relief, Hudson seeks intervention in the adversary proceedings involving Niagara Mohawk pursuant to Code § 1109(b) or Fed.R.Civ.P. 24.

Code § 1109(b) has been the subject of some controversy. The Court of Appeals for the Third Circuit concluded that Code § 1109(b) grants a party in interest an absolute right to intervene in adversary proceedings. *In re Marin Motor Oil, Inc.*, 689 F.2d 445 (3rd Cir.1982), *cert. denied*, 459 U.S. 1206, 103 S.Ct. 1196, 75 L.Ed.2d 440 (1983). The Court of Appeals for the Fifth Circuit reached the opposite result and found that Code § 1109(b) did not apply to adversary proceedings. *Fuel Oil Supply & Terminaling v. Gulf Oil Corp.*, 762 F.2d 1283 (5th Cir.1985).

Code § 1109(b) provides, "A party in interest ... may raise and may appear and be heard on any issue in a **case** under this chapter." Code § 1109(b) (emphasis added). The disagreement between the Circuits results from varying interpretations of the word "case." The Third Circuit adopts a broad interpretation of the word "case" which includes adversary proceedings. *Marin Motor Oil, supra*, 689 F.2d at 450, 451; *see also In re Parrot Packing Co.*, 42 B.R. 323 (N.D.Ind.1983); *In re Overmyer*, 30 B.R. 123 (Bankr.S.D.N.Y.1983); *In re D.H. Overmyer Telecasting Co.*, 18 B.R. 107 (Bankr. N.D.Ohio 1982). In contrast, the Fifth Circuit interprets "case" narrowly and draws a distinction between "case" and "adversary proceeding." *Fuel Oil, supra*, 762 F.2d at 1286, 1287; *see also In re Thompson*, 965 F.2d 1136, 1140 (1st Cir.1992); *In re Bumpers Sales, Inc.*, 907 F.2d 1430, 1433–34 (4th Cir.1990); *In re George Rodman, Inc.*, 33 B.R. 348 (Bankr.W.D.Okla.1983).

The Second Circuit has not proffered an opinion on the scope of Code § 1109(b). Hudson urges this Court to follow *In re Neuman*, a case in which the District Court for the Southern District of New York held that Code § 1109(b) confers an absolute right to intervene in adversary proceedings. *In re Neuman*, 124 B.R. 155 (S.D.N.Y.1991). In a more recent decision, however, the same District Court, after a lengthy analysis, declined to follow *In re Neuman*. *See In re 995 Fifth Ave. Assoc., L.P.*, 157 B.R. 942 (S.D.N.Y. 1993). This Court follows the *Fuel Oil* and *995 Fifth Ave.* courts and concludes that Code § 1109(b) does not give a party in interest an unconditional right to intervene in adversary proceedings.

Congress was aware of the distinction between proceedings and cases. *Fuel Oil, supra*, 762 F.2d at 1286 (citing provisions that distinguish between "cases" and "proceedings" such as jurisdiction, 28 U.S.C. § 1471(a) and (b); abstention, 28 U.S.C. § 1471(d) and 11 U.S.C. § 305; venue, 28 U.S.C. §§ 1472 and 1473; and jury trials, 28 U.S.C. § 1480(a)).[3] The Fifth Circuit also directs our attention to the language of advisory committee note to Fed.R.Bankr.P. 7024 which states, "Intervention in a case under the Code is governed by Rule 2018 and intervention in an adversary proceeding is governed by this rule." *Id.* In addition, the advisory committee notes to Fed.R.Bankr.P. 2018 state that the rule "implements §§ 1109 and 1164 of the Code ... [and] does not apply in adversary proceedings. For intervention in adversary proceedings see Rule 7024." *995 Fifth Ave., supra*, 157 B.R. at 948 n. 8. These judicial and legislative signposts demonstrate that Congress drew a distinction between bankruptcy cases and adversary proceedings. *Fifth Ave., supra*, 157 B.R. at 948, 949.

---

**3.** Although 28 U.S.C. §§ 1471–1482 were repealed by Congress in 1984, the *Fuel Oil* court's reference to the sections is helpful as it is offered to show that Congress was aware of the distinction between cases and proceedings.

Since Congress distinguished between "cases" and "proceedings", the Court concludes that Congress would have used the appropriate words had it intended Code § 1109(b) to be broadly construed. *See Collier on Bankruptcy* § 1109.02 at 1109–33 (15th ed. 1993). In addition, rejecting an expansive definition of "case" comports with the view that courts have been reluctant to grant absolute rights of intervention to private parties. *Fuel Oil, supra,* 762 F.2d at 1286.

■ The Court notes that its interpretation of Code § 1109(b), as applying only to cases and not adversary proceedings, does not abridge any substantive right because "the usual expectation of parties in interest that they will have a right to be heard", is still preserved. *995 Fifth Ave, supra,* 157 B.R. at 950 (quoting *Marin* ). Hudson may intervene as of right upon a showing that it has fulfilled the requirements of Fed.R.Civ.P. 24(a)(2) or by leave of court pursuant to Fed.R.Civ.P. 24(b). *Id.*

■ Hudson correctly points out that four requirements must be met to intervene as of right under Fed.R.Civ.P. 24(a)(2): (1) the application must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of this action, as a practical matter, may impede or impair its ability to protect that interest; and (4) the applicant must demonstrate that its interest is represented inadequately by the existing parties to the suit. *In re Kaiser Steel Corp.,* 998 F.2d 783, 790 (10th Cir.1993).

It is uncontroverted that Hudson's application to intervene is timely. The Court also finds that Hudson has an interest relating to the property or transaction which is the subject of the action. The subject of Debtor's and Niagara Mohawk's proceeding is whether the Facility met QF standards during 1991. Hudson's claim against Debtor also requires a determination of whether the Facility met certain operating standards.

However, this Court cannot find that the third requirement of Fed.R.Civ.P. 24(a)(2) is satisfied, namely, the disposition of Debtor's and Niagara Mohawk's proceedings will impede or impair Hudson's ability to protect its interest. Hudson argues that its rights will be affected because Debtor and FDIC have alleged claims against Hudson relating to the performance of the Facility. *See* Motion of Hudson Engineering Corporation to Consolidate Adversary Proceedings at 13 ¶ 33(a). Hudson does not offer any other interests that may be impaired aside from the one shared by all creditors, a concern that Debtor maximize the value of the estate.

■ It is well established that the concepts of collateral estoppel and *res judicata* cannot apply to a party who did not have a "full and fair opportunity" to litigate the issue in the earlier case. *Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980) (citations omitted). Since Hudson is not a party to the proceedings absent intervention, *res judicata* and collateral estoppel cannot be used as a sword against Hudson. Further, by this Court denying Hudson's motion to intervene, Hudson will be precluded from a full and fair opportunity to litigate any issues in Debtor's and Niagara Mohawk's proceedings. Thus, Hudson cannot be bound by any rulings or findings in Debtor's and Niagara Mohawk's proceedings.

Hudson's interest in maximizing the value of Debtor's estate is not direct and substantial enough to constitute intervention as of right. *See Environmental Elec. Sys., Inc.,* 11 B.R. 962, 964 (Bankr.N.D.Ga.1981). The court in *Environmental* pointed out that, "The mere existence of a third person's contingent interest in the outcome of pending litigation is insufficient to warrant intervention." *Id.*

Assuming, arguendo, that Hudson satisfies the third requirement of Fed.R.Civ.P. 24(a)(2), the Court is unconvinced that Hudson's interest is inadequately protected. FDIC is a party to Debtor's and Niagara Mohawk's proceedings. FDIC, like Hudson, has a substantial interest in preserving the PPA. Without the PPA, which is allegedly FDIC's collateral, the value of Debtor's assets substantially depreciates. Hudson has not offered any arguments as to why FDIC

is an inadequate representative of Hudson's interests.

▇▇▇▇▇ Hudson also relies on Fed. R.Civ.P. 24(b) which allows intervention by leave of court. As Hudson sets forth in its moving papers, courts consider whether permissive intervention is appropriate by determining "whether the intervention will unduly delay or prejudice the adjudication or rights of the original parties." *In re Golden Glades Regional Medical Center, Ltd.*, 147 B.R. 813 (Bankr.S.D.Fla.1992).

This Court denies the motion to intervene pursuant to Fed.R.Civ.P. 24(b). The Court finds that allowing Hudson to intervene in Debtor's and Niagara Mohawk's proceedings will likely create a forum for the litigation of the EPC contract claims. The factual and legal complexity of the EPC claims will escalate the costs of Debtor's and Niagara Mohawk's proceedings and lead to undue delay.

The Court is, however, sympathetic to Hudson's concern that the "Debtor may feel it more advantageous to preserve its alleged indemnity against Hudson than to present defenses to Niagara Mohawk." *See* Hudson's October 17, 1994, Letter to Court at 4. Thus, the Court will permit Hudson to voice their concerns and monitor the proceedings as amicus curiae.

▇▇▇▇ Courts have broad discretion to appoint *amici curiae. In re City of Bridgeport*, 128 B.R. 30, 32 (Bankr.D.Conn.1991) (citations omitted). In the matter *sub judice*, Hudson's participation as *amicus* will help the Court by providing an additional perspective to the PPA litigation. *See Pennsylvania Environmental Defense Foundation v. Bellefonte Borough*, 718 F.Supp. 431 (M.D.Pa. 1989) (*amici* provided adversarial presentation of the issues). Because Hudson's participation as *amicus* will be limited, the proceedings will not be delayed or complicated. Hudson's amicus status does not make it a party to the proceedings, thus, neither collateral estoppel nor *res judicata* can be applied to bind Hudson.

In connection with Debtor's and Niagara Mohawk's proceedings, the Court directs counsel for each of the parties to serve upon Hudson: (1) copies of notices to take depositions and all other discovery demands within ten business days of such notices being served; (2) a copy of any deposition or other matter discovered within ten business days of the holding of the deposition or production of the discovered matter; (3) copies of any pleadings within ten business days of service of such pleadings; and (4) copies of all of the parties' correspondences with the Court within ten business days of mailing to the Court. However, Hudson will not be permitted to attend any depositions or other discovery proceedings. Hudson may file memoranda of law on any issue arising during the trial or as otherwise ordered by the Court. Hudson may not, however, argue any motions or participate in the trial other than as a spectator.

For the reasons set forth herein, it is

ORDERED that Hudson's motion to consolidate Debtor's and Niagara Mohawk's adversary proceedings pursuant to Fed. R.Bankr.P. 7042 is granted; it is further

ORDERED that Hudson's motion to consolidate FDIC's adversary proceeding with Debtor's and Niagara Mohawk's adversary proceedings pursuant to Fed.R.Civ.P. 42, as made applicable by Fed.R.Bankr.P. 7042, is denied; it is further

ORDERED that Hudson's motion to intervene as of right pursuant to Code § 1109(b) is denied; it is further

ORDERED that Hudson's motion to intervene as of right pursuant to Fed.R.Civ.P. 24(a)(2) and by leave of this Court pursuant to Fed.R.Civ.P. 24(b), as made applicable by Fed.R.Bankr.P. 7024, is denied without prejudice; and it is further

ORDERED that Hudson has limited *amicus curiae* status, as set forth herein, until such time as the Court directs otherwise.